## S. H. & B. BUDLONG *vs.* VAN NOSTRAND.

The admission of leading questions, in the examination of a witness, is always in the discretion of the court, subject, however, to be reviewed, and will not be regarded as error unless the discretion has been abused.

A witness will not be allowed to testify as to a conversation in which a previous witness was engaged, for the purpose of impeaching him, unless such previous witness has first been interrogated upon the subject of that conversation.

The declarations of an agent may be proved, as binding upon his principal, only when they constitute a part of the *res gestæ.*

The admission or declaration of the agent, in order to bind the principal, must accompany and relate to some authorized act of the agent, *et dum fervet opus.*

Budlong *v.* Van Nostrand.

If made after the time for the performance of a contract has expired, and after the rights of the parties have become fixed, and the duties of the agent, as such, are at an end, they will not bind the principal.

APPEAL from a judgment of the Cayuga county court, reversing a judgment of a justice of the peace. The facts appear sufficiently in the following opinion.

*J. Benedict,* for the appellants.

*F. M. King,* for the respondent.

*By the Court,* WELLES, J. The action before the justice was brought by the Budlongs against Van Nostrand, to recover damages for the breach of a contract for the delivery by the latter of 500 bushels of oats, at 50 cents per bushel. The cause was tried on the 28th of May, 1855, when the plaintiff recovered judgment for $40.50 damages and $2.41 costs. The county court reversed this judgment, and the plaintiffs appealed to this court. Upon the trial before the justice, Chauncey K. Higley was sworn as a witness for the plaintiffs, and testified that the plaintiffs were partners in business, during the winter and spring previous to the trial, in buying grain at the rail road depot in Mentz, for the Albany and New York markets. At that place (Mentz) the witness was acting as agent for them in buying grain. That his business was buying and taking in grain, oats and corn. The witness then gave evidence tending to prove the contract with the defendant, as stated, in which the witness acted as agent for the plaintiffs in making the contract, and that the plaintiffs were not present, and that he disclosed his agency to the defendant at the time and paid him one dollar to bind the bargain ; also that the defendant had delivered, under the contract, 319 bushels of oats and no more, for which he had received his pay at the price stipulated. That he then told the witness that he would not deliver any more oats, as they were worth 20 to 25 cents more per bushel to the plaintiffs than the witness had agreed to pay for them. It appeared by the testimony of this witness, that at the time he and

the defendant commenced talking about the contract for the purchase of the oats, they were in the barn yard, when the defendant told him he did not know how many he had to spare, and that whatever he had to spare he should have at 50 cents per bushel, and that he wished to reserve enough to feed his horses, and to sow. That the witness and defendant then went to the granary to see the oats, 10 or 15 rods off, and while at the granary the quantity was fixed which the defendant was to deliver at 500 bushels. The one dollar to bind the bargain was paid to the defendant in the barn yard before they went to the granary to examine the oats. The plaintiff asked the witness the following question : " Was the conversation in the granary a continuation of the one had in the barn yard ?" This was objected to by the defendant, and the objection overruled. No ground was stated for the objection. The matter of the question was competent. The only possible objection to it was that it was leading, and this is always in the discretion of the court, subject, however, to be reviewed, and will not be regarded as error unless the discretion has been abused. Besides, it is always necessary to specify the ground of objection, where it is to the form of the question, so that, if necessary, it may be varied. A similar question arose upon an objection to an inquiry by the plaintiffs of another witness, viz : " Were the plaintiffs partners in buying grain at the time of this contract in March last ?" and the same remarks are applicable to it.

Among the witnesses introduced by the defendant, was one by the name of Charles Howell, who testified that he heard a conversation between the defendant and Higley, on the bridge in Port Byron, "in this month," (the month of May, 1855.) The defendant then put the following question to him : " What was that conversation ?" to which the plaintiff objected, on the ground that Higley should be first interrogated on that point, if it was the defendant's object thereby to impeach him. The defendant stated that such was his object, and also to show Higley's admissions. The justice sustained the objection and excluded the evidence. The defendant then put a number of questions to the witness Howell, with a view to prove Higley's

statements and admissions in the conversation referred to, touch-
ing the contract and its fulfillment, which were all objected to
severally, and the questions were overruled by the justice. So
far as the questions were designed to impeach Higley, they
were improper, for the reason stated in the objection, to wit,
that Higley had not been interrogated on the subject. Noth-
ing is now better settled.

On the question whether the declarations of an agent may be
proved as binding upon his principal, the rule is, that such
declarations are only admissible when they constitute a part of
the *res gestæ.* The principal constitutes the agent his rep-
resentative in the transaction of certain business; whatever,
therefore, the agent does in the lawful prosecution of that busi-
ness is the act of the principal, whom he represents; and where
the acts of the agent will bind the principal, there his repre-
sentations, declarations and admissions respecting the subject
matter will also bind him, if made at the same time, and con-
stituting a part of the *res gestæ.* The admission or declaration
of the agent, to bind the principal, must accompany and be in
relation to some authorized act of the agent, *et dum fervet
opus.* It is because it is a *verbal act* that it is admissible at
all. (1 *Greenl. Ev.* §§ 113, 114.) The offer in this case was
to prove certain declarations of the witness Higley, made in May.
The offer did not include the fact that any thing was being
done or attempted at the time the declarations were made.
The time for the delivery of the oats had expired, and the
rights of the parties were fixed; and it does not appear that
Higley had authority from the plaintiffs to do any thing further
in relation to the transaction, much less to bind them by his
admissions. The contract was made between the 5th and 10th
of March, and the oats were to be delivered in two weeks,
which was afterwards extended a week or ten days. Higley's
agency extended to buying and taking in the oats, and nothing
further. There is no point of view in which the defendant
was entitled to the evidence, and the justice was right in ex-
cluding it.

The respondent's counsel urges that the contract was void

under the statute of frauds, (2 *R. S.* 136, § 3,) on the ground that, at the time it was made, no part of the oats were received by the plaintiffs and no part of the purchase money paid, and the agreement was not in writing. But there is nothing in that. There was confessedly but one contract, and that the justice has found was in·the granary, for 500 bushels. What was said in the barn yard, if it amounted to a contract, was modified when the parties came to the granary; at least the justice must have so found, and the earnest money paid in the barn yard will be taken as applying to the modified contract.

The judgment of the county court should be reversed, and that of the justice affirmed.

Ordered accordingly.

[Monroe General Term, March 2, 1857. *T. R. Strong, Welles* and *Smith,* Justices.]