MARY D. SLOAN, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

45   125
111   576
45      125
78  AD¹326
78  AD²329

In an action against a railroad corporation to recover for injuries to the plaintiff, a passenger, the defendant's track superintendent being asked, on his cross-examination by the plaintiff, if he had not stated that he was not to blame for the accident, and that he could not get ties or materials to repair the road, answered that he had no recollection of such statement. Afterward a witness called by the plaintiff, was permitted, against the objection of the defendant, to answer the following question: "Will you state what you heard Townsend (the superintendent) say on Sunday morning about the track, and about his application for materials to put it in order, and what was said to him that drew it out?"—*Held*, that the question was proper as affecting Townsend's credibility, he having testified that the road was in good order at that point.

In showing inconsistent statements out of court, the usual form is to ask the precise question put to the principal witness, whose credibility is attacked; but the practice in this respect is to some extent under the control and discretion of the court.

In such an action, a question put to the attendant of the plaintiff, as to how far the plaintiff was able to help herself, and at what point she required assistance to do what was necessary to be done, called for facts, and not mere opinion, and was not objectionable.

The question to the attending physician of the plaintiff, whether she had the venereal disease while under his care,—*Held*, properly excluded.

(Cause was argued February 17th, and decided March 21st, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court in the Seventh district, ordered upon a verdict for the plaintiff found at the Cayuga circuit.

This was an action brought to recover damages the plaintiff claimed to have sustained from injuries through the negligence and carelessness of the defendant, in not keeping its road in a safe and proper condition, and in carelessly and negligently running its cars upon such road. The plaintiff purchased a passenger ticket at Fort Plain for Canandaigua, and while in the cars on her way, the car in which she sat was thrown down an embankment, inflicting serious and incurable injuries upon her. The accident was caused by the breaking of a short rail on a curve, and by the alleged unsound condition of the ties. The jury rendered a verdict for the plaintiff for $12,000 damages.

Certain exceptions to the admission and exclusion of evidence taken by the defendants, are sufficiently stated in the opinion of the court.

*J. R. Cox*, for appellant.

*H. V. Howland*, for respondent.

CHURCH, Ch. J.   Several exceptions were taken upon the trial, and are presented to this court for review.

The witness Townsend, who was the trackmaster of the defendants, had given evidence in relation to repairs which he had made at the point of, and immediately adjacent to, the place of the accident, and tending to establish that the track was in good condition. On cross-examination, he was asked, in various forms, if he did not state, in the presence of different individuals, in substance, that he was not to blame for the accident, and that he could not get ties or material to fix it; to which the witness answered, that he had no recollection of any such conversation.

The plaintiff then called one of the persons referred to, and put to him the following question:

" Will you state what you heard Townsend say, on Sunday morning, about the track, and about his application for materials to put it in order, and what was said to him that drew him out ?"

This was objected to as immaterial, and also on the ground that the precise question should be put to this witness which was put to Townsend. The objection was overruled and an exception taken, and it is claimed that this ruling was error.

We think it was competent to contradict Townsend for the purpose of affecting his credibility, as he had testified to facts somewhat inconsistent with the statement proposed to be proved. He had testified, substantially, that the road was in good order at the place of the accident, and the statement implied, at least, that it was not in good order in consequence of the failure of the company to furnish materials. This precise point was decided in *Wheeler* v. *The same defendants* (not reported), in an action for an injury occurring at this accident. It was competent only as impeaching evidence, and the court so instructed the jury in the charge.

The objection as to the form of the question involves a point not very definitely settled. It is competent, for the purpose of impeachment, to prove that a witness has made statements out of court in conflict with his evidence in court upon a material question in the case.

To lay the foundation for contradiction, it is necessary to ask the witness specifically whether he has made such statements ; and the usual and most accurate mode of examining the contradicting witness, is to ask the precise question put to the principal witness. Otherwise, hearsay evidence, not strictly contradictory, might be introduced, to the injury of the parties, and in violation of legal rules. But the practice upon this subject must be, to some extent, under the control and discretion of the court. It is important that the jury should understand that such evidence is collateral, and not evidence in chief ; and the witness sought thus to be impeached should have an opportunity of making explanation, in order that it may be seen whether there is a serious conflict, or only a mis-

understanding or misapprehension; and for the purpose of eliciting the real truth, the court may vary the strict course of examination.

In this case, the question, although not the precise one put to the principal witness, did direct the attention of the impeaching witness to the time and place and subject, and the answer was substantially a contradiction of the statement of the principal witness.

There was no substantial error committed in the form of the question, and no injury could have resulted from the evidence given.

The question put to the female attendant, how far the plaintiff helped herself, and at what point she required assistance to do what was necessary to be done, called for facts, and not mere opinion, and was not objectionable.

It is also objected that the physician's bill was not proved by legal evidence. When the attending physician was on the stand, he was asked by the defendant's counsel the amount of his bill against the plaintiff, to which he answered that he could not tell, that his partner attended to that. The partner was called and proved the amount of the bill under objection, which is claimed to be error. The evidence upon this point was not as full and explicit as is desirable, but it might be inferred from the evidence of both witnesses that the partner kept the accounts, making such charges as the attending physician directed, and that the charges thus directed amounted to the sum named. Some evidence was also given of the time during which the physician attended the plaintiff, and something also of the nature of his services, from which it might be inferred that the bill, $266.50, was not extravagant. I do not think there was any substantial error committed in this respect, and if there had been, we should not feel justified in reversing the judgment and ordering a new trial, if the plaintiff consented to deduct the amount from the judgment.

The only remaining point urged by the defendants' counsel was the decision of the court sustaining the objection to the

question to Dr. Rice, whether the plaintiff had the venereal disease while under his care as a physician. We think this was privileged under the statute. The question did not in terms ask for any communication from the plaintiff, but it was an inquiry as to the existence of a disease which the plaintiff had while under the care of the witness as a physician.

The presumption is, from the question, that he learned it as a physician for the purpose of prescribing. The question itself implies it. To require the plaintiff to make the preliminary inquiry whether he learned the fact for the purpose of prescribing would in effect, if the fact existed, have deprived the plaintiff of the protection of the statute. It would have proved the fact indirectly, which might be as injurious as if proved legitimately. The case does not disclose whether the evidence was excluded under the statute, or on account of its remoteness; but that it was properly excluded there is no doubt.

The case was fairly submitted to the jury on the facts, and as there was no error in law committed, the judgment must be affirmed.

All concur except PECKHAM and ANDREWS, JJ., not voting.
Judgment affirmed.