<hr/>

JAMES F. WHITE AND OTHERS *v.* MECHANICS' NATIONAL BANK AND ANOTHER.

The plaintiffs were the owners of certain checks in which they were named as payees. Their indorsement was forged, and the checks so indorsed were passed to A. for value, who deposited them for collection with his bank. The latter collected the checks from the drawee, and credited A. with the proceeds. *Held,* that a joint and several action was maintainable by the plaintiffs against A. and the collecting bank for the proceeds of the checks.

Although the bank may not have acted in any other capacity, or under any other claim, than as collecting agent for A., it is, nevertheless, equally liable for its acts on behalf of a principal who could confer no such authority. Both A. and the bank, having contributed to the same injury, are bound to render but a single satisfaction.

EXCEPTIONS to a judge's charge, directing a verdict for plaintiffs, ordered to be heard at general term.

Action for the conversion by the defendants, The Mechanics' National Bank and the Camden & Amboy Railroad and Transportation Company, of five checks drawn to the order of and belonging to the plaintiffs.

On the trial it appeared that the checks, with the forged indorsements, had been in good faith received by the Camden & Amboy R. R. and Transportation Co., who had deposited them with the Mechanics' Bank, and by whom they had been collected.

Defendants moved for a dismissal of the complaint, on the grounds: 1. That there was no evidence to charge the defend-

ants jointly or severally with a wrongful conversion of the checks; and, 2. That the evidence failed to show that the plaintiffs were ever the owners, or were ever entitled to the possession of the checks.

The other facts necessary to an understanding of the case are stated in the opinion.

*Charles F. Sandford,* for defendants.

This action is in form *ex delicto,* and the allegations of the complaint charge the defendants *jointly,* and *not otherwise,* with the perpetration of the several wrongs, by reason whereof the plaintiffs claim to recover damages. The proofs, if sufficient to charge either defendant at all, establish no joint liability against both. If the defendants are, or either of them is, liable at all, they are severally liable, each upon separate and distinct grounds peculiar to each, and neither of them can be charged with liability, by reason of the acts upon which the liability of the other depends. Two persons cannot be thus held *jointly* liable unless there is a *joint* conversion (*Nicoll* v. *Glennin,* 1 Maule & Sel. 588; *White* v. *Demeray,* 2 N. H. 546; *Hess* v. *Buffalo & N. Falls R. R. Co.* 29 Barb. 391; *Eldridge* v. *Bell,* 12 How. Pr. 547).

*John Sedgwick,* for plaintiffs.

I. If the evidence showed a wrongful conversion of the checks in question by the defendants, jointly or separately by both, the motion to dismiss was properly denied. There was no claim that, if the defendants were guilty separately, the plaintiff must elect as to which he would proceed against; but the claim simply was as to the defendants, separately considered, that each was not guilty of the tort.

II. The indorsement of the payee's name was forged. Having no title to the checks, the Camden & Amboy Railroad Company (one of the defendants) took the checks as their own property, parted with the possession of them to the Mechanics' National Bank (the other defendant), which received and collected them from the bank on which they were drawn,

as if the plaintiffs had no title to them. This was conversion by each. It is an immaterial circumstance that the defendants acted in good faith, in a moral sense. Nor is the Mechanics' National Bank the less liable because in the transaction it acted as the collecting agent only of the Camden and Amboy Railroad. This would be so, even if it acted without compensation; but as a matter of fact, the money it collected on the checks became its own money, and was used by it.

No demand and refusal were to be shown by plaintiffs. The original taking was tortious, and the defendants had parted with the checks (*Decker* v. *Mathews*, 12 N. Y. 313; *Canal Bk.* v. *Bk. of Albany*, 1 Hill, 287; *Talbot* v. *Bk. of Rochester*, Id. 295; *Purves* v. *Moltz*, 5 Robt. 653; *Everett* v. *Coffin*, 6 Wend. 603; *Delamater* v. *Miller*, 1 Cow. 75; *Murray* v. *Burling*, 10 Johns. 175; *Carroll* v. *Cone*, 40 Barb. 220).

III. The acts thus done by the defendants made them jointly liable for the conversion. As strict matter of fact, they participated at the same time in the conversion—that is, at the same moment the railroad company deposited the checks with the bank, the bank received them from the railroad company. Moreover, the authority and command from the railroad company to do for them what the bank did, both as agent and indorsees, continued through the conversion by the latter (*Cobb* v. *Dows*, 10 N. Y. 337; *Sprague* v. *Kneeland*, 12 Wend. 163; *Nichols* v. *Michael*, 23 N. Y. 272).

By the Court.*—Robinson, J.—There is no question made by the pleadings as to the original title of the plaintiffs as payees of the checks, for the conversion of which this suit is brought.

It is averred, in the answer, that they were so drawn; and it is claimed that they were, by the general indorsement of the plaintiffs, duly transferred to the defendants, the Camden & Amboy Railroad and Transportation Company, in the regular course of business and for full value, which company received them in good faith, and deposited them with the Mechanics'

* Present, Daly, Ch. J., Robinson and Larremore, JJ.

National Bank for collection. That bank caused them to be presented to the bank on which they were drawn, and collected them.

The title of the plaintiffs to the checks was evidenced by their being made payable to their order, as well as by proof of the transactions in which they were given as payment. If any error had occurred in receiving in evidence the receipts of their collecting agent as part of the *res gestæ*, it was wholly immaterial, as the original ownership of the checks by the plaintiffs, as to which the testimony had any bearing, is not questioned by the pleadings.

The proof showed the alleged indorsement by the plaintiffs (through which title to and authority to collect the amount of these checks was claimed by the defendants) was a forgery, but it is claimed by each defendant that neither a joint nor several action for the conversion of the checks can be maintained against them. This position is not tenable. Each defendant has dealt with these checks in derogation of plaintiffs' title, claiming through the forgery, and they have by their concurrent action made a conversion of the checks, and realized therefrom their full amount. Although the bank does not appear to have acted in any other capacity or under any other claim than as collecting agent for the railroad company, it is equally liable for its acts on behalf of a principal who could confer no such authority. Both defendants have contributed to the same injury, and are to render but a single satisfaction (*Thomas* v. *Ramsey*, 6 Johns. 26). Even without this community of interest, where a party has wrongfully obtained possession of goods, and has transferred them to another, both parties may be joined in an action for the wrong (*Nichols* v. *Michael*, 23 N. Y. 264).

The plaintiffs had their election either to sue in trover, as for conversion, or to recover the amount in an action for money had and received (*Talbot* v. *Bank of Rochester*, 1 Hill, 295).

They elected the former remedy, and are entitled to judgment in their favor for the amount of the verdict, with interest and costs.

Judgment on the verdict, with interest and costs.