Larremore, C. J.
A question was raised as to the identity of the ring, but I think the testimony fully authorized the finding of the referee upon this point. A conversion of the ring in question was clearly established by the testimony; the taking of the ring by the defendant from Laserowitsch, in pawn, and delivering it up to Simpson clearly established that fact. Pease v. Smith, 61 N. Y., 477; Stephens v. Elwall, 4 Maule & S., 258; White v. Mechanics Bank, 4 Daly, 225; Spraights v. Hawley, 39 N. Y., 441; Boyce v. Brockway, 31 N. Y., 490.
The good faith of the defendant constitutes no defense to the action. See cases above cited, and there may be a fair inference upon the evidence that such good faith is not fairly established.
The objection raised at folio 70 to the question, “To whom does that ring belong?” constitutes no ground of error. De Wolf v. Williams, 69 N. Y., 621.
It seems to me that the conversion of the property about ¡February, 1883, is clearly established by the testimony, and that seems to dispose of the attempt to discredit the testimony of Rosenbaum as to any subsequent transaction. But even if that were otherwise, the decision of the referee upon conflicting evidence as to the second conversion should not be disturbed. Anderson v. Meislahn, 12 Daly, 149.
The exceptions at folios 122 and 123 are without merit. In order to impeach a witness by contradictory statements, his attention must first have been called to "the time and occasion of the alleged statements. Stacy v. Graham, 14 N. Y., 492; Sloan v. New York Central Railroad Co., 45 N. Y., 125; Hubbard v. Briggs, 31 id., 518; Gaffney v. The People, 50 id., 416.
There was no error in the admission of the record of the police court, as a part of the cross-examination of the witness Levy; he referred to the record and professses ignorance as to the result of the charge.
*248 The record was not used for the purpose of contradicting Levy, but of enabling him to refresh his memory by showing the facts which he had either forgotten or was unwilling to tell. But even if there were error in this, the prior conversion of February sixth, was wholly unaffected by Levy’s testimony or by the referee’s rulings in relation thereto, and upon this' ground the judgment should be sustained.
I think the whole testimony, the judgment appealed from should be affirmed.
Allen and Bookstaver, JJ., concur.