THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY BROCKETT, Appellant.

*Conviction of assault in the third degree — statement of a witness made before the trial, when admissible in evidence — erroneous admission of evidence, when disregarded on appeal.*

Where, upon the trial of a prisoner indicted for assault in the second degree, the evidence might be sufficient to justify the jury in finding the intent necessary to constitute the crime of assault in the second degree, if the jury has a reasonable doubt as to the intent of the prisoner, but no doubt whatever as to the assault, the defendant is properly convicted of the crime of assault in the third degree.

While, upon the trial of a criminal prosecution, the statement made by a witness before the trial may not be a serious contradiction of his testimony given thereat, yet if there is a slight variation between the statement and the testimony given by the witness, from which it may be argued that the witness at the time of the trial was less certain about the matter testified to than he was at a time nearer the transaction, such statement is properly admissible in evidence.

It is proper upon the trial of a criminal prosecution to show inconsistent statements of a witness made out of court, with a view to affecting his credibility.

If no substantial right of a person upon trial for the crime of assault is prejudiced by the erroneous admission of testimony, the admission of such testimony, under the provisions of section 764 of the Code of Criminal Procedure, is merely a technical error, and will be disregarded upon appeal.

APPEAL by the defendant, Henry Brockett, from a judgment of the Court of Sessions held in and for the county of Herkimer, ren-

dered on the 26th day of May, 1894, convicting him of assault in the third degree.

*George W. Smith*, for the appellant.

*Irving R. Devendorf*, for the respondent.

MARTIN, J. :

The defendant was indicted for assault in the second degree. In the indictment it was charged, and the evidence of the prosecution tended to show, that the defendant was guilty of an assault with an intent to commit a rape. Whether an assault was made, if so its character, and the intent of the defendant in making it, were the questions at issue and litigated on the trial. The court, in effect, charged that if the jury found that the defendant performed the acts testified to by the complainant with the intent of perpetrating an act of sexual intercourse with her without her consent and against her utmost resistance, it would constitute assault in the second degree, but that if they were performed without that intent it would amount only to assault in the third degree. The jury found the defendant guilty of assault in the third degree.

A careful and somewhat critical examination of the evidence renders it clear, we think, that it was sufficient to justify the verdict. The logic of the contention that the judgment should be reversed because the jury failed to find the intent necessary to constitute assault in the second degree, is not quite apparent. The evidence was perhaps sufficient to have justified the jury in finding the intent necessary to constitute the greater offense. Yet it may have had a reasonable doubt as to such intent while it had none whatever as to the assault. Under these circumstances the defendant was properly convicted of the lesser crime (Penal Code, § 35), and it follows that the judgment should be affirmed unless there is some valid exception in the case requiring a reversal.

The only exception to which the defendant has called our attention is to the admission of evidence as to the contradictory statements of the witness Jesse Conkling. This witness had testified that on the night of the assault he met a " rig " beyond the woods ; that the horse was light colored ; hitched to a top buggy, and that there were two persons in the wagon. It was claimed by the

defendant that the persons who were mentioned by the witness were the complainant and himself. The witness also testified: "Met them somewhere between the sluiceway and the hill; can't say just where; we had passed over the bridge; lady and gentleman in the carriage; I saw the lady turn and look back." On the cross-examination of this witness he testified: "I did not state to Melzer Buck that I met a gray horse and carriage with two persons in, between the bridge and the top of that stony hill."

The People subsequently called Melzer Buck and asked him this question: "Some time last winter, at Jesse Conkling's house, did he say to you in the presence of Ed Perry, that he met this rig with a white horse and carriage and two persons in the carriage, between the sluice or bridge on the east side of the Beaver woods and the top of the stony hill?" This was objected to on the ground "that no matter what would be the response to it, or, assuming that the response is to be what the question indicates, it doesn't in any respect contradict the witness in any material part of his evidence; that it is wholly indefinite; that he might have said it is between the top of the stony hill and the bridge, because his testimony is so, only he locates it more particularly within that limit, there is no contradiction about it. The Court: I think I will allow the People. There is a slight variation in the statement, from which may be argued that the witnesses at that time were less certain about the precise position than they are on the stand." The question was allowed, to which the defendant excepted, and the witness answered: "He did say so." We find in this ruling no error which would justify a reversal of the judgment. While it may be that the contradiction was not a serious one, yet, as stated by the court, it tended to show that at a time nearer the transaction than the trial, the witness had declared that he met the "rig" somewhere between the sluiceway and the top of the hill, while at the trial he testified that it was between the sluiceway and the hill. That it is proper to show inconsistent statements of a witness out of court to affect his credibility is too well established to require discussion. (*Sloan* v. *The New York Central R. R. Co.*, 45 N. Y. 125.)

If, however, the evidence of these witnesses in no way contradicted that of the witness Conkling, it is difficult to see how the defendant was in any way injured by the admission of the evidence.

No substantial right was prejudiced thereby, and, hence, under the provisions of section 764 of the Code of Criminal Procedure, as it was merely a technical error, it should be disregarded.

These considerations lead us to the conclusion that the judgment appealed from should be affirmed.

MERWIN, J., concurred; HARDIN, P. J., not voting.

Judgment of conviction of the Court of Sessions of Herkimer county affirmed, and after the judgment is entered in the judgment book a certified copy of the entry shall be forthwith remitted to the clerk of Herkimer county, with whom the original judgment roll is filed, in accordance with the provisions of section 547 of the Code of Criminal Procedure.