THOMAS McKIERNAN, Respondent, *v.* WILLIAM HALL, Appellant.

(County Court, Essex County, November, 1909.)

Witnesses — Credibility, impeachment and corroboration of witnesses — Proof of previous contradictory statements — Laying predicate for impeachment — Form of question.

If a party desires to discredit a witness by showing statements made by him out of court in conflict with his testimony upon a material question in the case on trial, the foundation should first

be laid for a contradiction by specifically asking him on cross-examination whether he made such former statements, and the question should be so framed as to direct his attention to the particular time, place or circumstance to which it relates.

The usual and most accurate mode of examining the contradicting witness is to ask the precise question put to the witness sought to be impeached; and, where the contradicting witness was merely asked to state what was said and allowed to answer over objection, it is error for which a judgment for plaintiff, based upon the evidence of the witness sought to be impeached, will be reversed.

Contradictory statements of a witness out of court are not evidence of the facts therein stated but are admissible only for the purpose of impeaching him; and, after they have been proved, he should have an opportunity of making an explanation; and a refusal to allow defendant to call a witness in rebuttal of one of plaintiff's witnesses who was sought to be impeached is error.

Appeal from a judgment rendered on the 16th day of December, 1908, by J. A. Newell, a justice of the peace, on a verdict of a trial jury, in favor of Thomas McKiernan and against William Hall.

The appellant asks a reversal of the justice's court judgment on the ground that the justice admitted improper evidence against the objection of appellant and that the judgment is against the weight of evidence.

It is claimed by the appellant that the question to witness William J. Hall on cross-examination, " Did you tell Pat Bulger you got this lamb from Pool; that you went over to Pool's and got Tom's lamb ? " or words to that effect, was improperly admitted against the objection of appellant " as immaterial and incomprehensible."

Also the questions to Patrick Bulger, a witness for plaintiff, " Did you have a conversation with Wm. J. Hall in relation to the plaintiff's buck lamb ? " objected to by defendant as incompetent, immaterial, irrelevant; that no proper foundation had been laid for such testimony as attempting to impeach matters brought out on cross-examination, which were not referred to in direct examination.

Also to question, " What was said ? " the same objection as above.

The appellant also claims that the justice erred in refus-

County Court, Essex County, November, 1909. [Vol. 65.

ing to allow defendant to call a witness in rebuttal of the witness Patrick Bulger.

The verdict of the jury was in favor of plaintiff and against defendant for four dollars upon the evidence of witness Bulger.

Joseph T. Weed, for appellant.

George W. Watkins, for respondent.

KELLOGG, J.   The first question presented is whether the question to Wm. J. Hall, on cross-examination, as to conversation with Patrick Bulger was improperly admitted.

Every witness under cross-examination in any proceeding may be asked whether he has made any former statement relative to the subject-matter of the proceeding and inconsistent with his present testimony, the circumstances of the supposed statement being referred to sufficiently to designate the particular occasion.   This rule only applies when the testimony of the adversary's witness which is to be contradicted is relevant to the issue.   It is a general rule that the time and place of the supposed statement and the persons to whom or in whose presence it was made should be definitely presented to the witness' attention by the question put to him on cross-examination.   This is commonly called " laying the foundation " for the introduction of the impeaching evidence; the object is to give the witness an opportunity either to deny having made the alleged statement, or, if he admits that he made it, to explain the alleged inconsistency.   If such opportunity be not given, the evidence offered to show the contradiction is not admissible. Gaffney v. People, 50 N. Y. 416.   See Ankersmit v. Tuch, 114 N. Y. 51; Pendleton v. Empire, etc., 19 id. 13; McCulloch v. Dobson, 133 id. 114.

The objection to the admission of this evidence, that it was immaterial and incomprehensible, is not strictly in point; but I think the objection to questions put to Patrick Bulger, that they were incompetent, irrelevant, immaterial; that no proper foundation had been laid for such testimony

as attempting to impeach matters brought out on the cross-examination, etc., is sufficient to raise the question as to the admissibility of the evidence.

If a party desires to discredit a witness, by showing that he has made statements out of court in conflict with his evidence in court upon a material question in the case, the examining counsel should first lay the foundation for contradiction by asking the witness specifically whether he made such statements (Sloan v. New York Central R. R. Co., 45 N. Y. 125; Budlong v. Van Nostrand, 24 Barb. 25), and should so frame his question as to direct his attention to the particular time, place, subject or circumstance to which it relates.

The question put to the impeaching witness should, in general, be in the same language, substantially, as was used in calling the attention of the witness sought to be impeached to his former statements. This was not done, but the witness Bulger was asked to state what was said and allowed to answer against the appellant's objection. This I think was error.

As to the refusal of the justice to allow the defendant to call a witness in rebuttal of the witness Bulger, the contradictory statements proved for impeachment are legitimate for that purpose only; they are not evidence of the facts asserted therein (Plyer v. German Amer. Ins. Co., 121 N. Y. 689); and, after they have been proved, the witness sought to be impeached should have an opportunity of making explanation, in order that it may be seen whether there is a serious conflict, or only a misunderstanding or misapprehension. Sloan v. New York Central R. R. Co., 45 N. Y. 125; Gaffney v. People, 50 id. 416.

This opportunity was refused the defendant. For in every such case there are two questions: first, whether the witness ever did the act or used the expression alleged; second, whether his having done so impeaches his credit, or is capable of explanation.

It is manifestly unjust to receive the testimony of the adversary's witness to prove the fact, without admitting the party's witness to deny; and, assuming the act to have been

done, or the expression to have been used, it would also be unjust to deny to the party, or the witness who admits the act or expression, the best or, it may be, the only means of explanation.

The usual and most accurate mode of examining the contradicting witness is to ask the precise question put to the principal witness; otherwise, hearsay evidence not strictly contradictory might be introduced, to the injury of the parties, in violation of legal rules.   But this is a matter to some extent under the control and discretion of the court.

The jury's finding a verdict in favor of the plaintiff and against the defendant for four dollars, upon the evidence of witness Bulger, emphasizes the importance of a court's being careful in following well defined rules of law in the admission or exclusion of evidence.

I must hold that the judgment rendered by the justice on the verdict of the jury is erroneous, and the judgment must be reversed with costs.

Judgment reversed, with costs.