ANDREW W. DIXON, Respondent, *v.* ANNA L. WALKER, Appellant.

Third Department, November 15, 1923.

Contracts — consideration — parties who purchased defendant's farm under contract of sale purchased lightning rods from plaintiff absolutely and had same installed on buildings — land contract was canceled and farm was returned to defendant — alleged promise by defendant to pay for rods was without consideration — evidence — testimony contradicting testimony of one of purchasers of rods that he told plaintiff that defendant had not promised to pay is inadmissible — no proof of consideration for any promise by defendant to pay for rods.

In an action to recover the price of lightning rods it appeared that defendant sold her farm under a land contract; that the purchasers bought from the plaintiff, absolutely, certain lightning rods and had the same installed; that thereafter the land contract was canceled and the farm was surrendered to the defendant; that the plaintiff alleged that the defendant promised to pay for the lightning rods after the farm was surrendered to her in consideration of the promise of the plaintiff to leave the rods upon the buildings.

*Held*, that if the lightning rods be considered fixtures so that title thereto passed to the defendant on the termination of the land contract, there was no consideration for defendant's promise thereafter to pay for the same, and if they be not considered fixtures, there was no consideration for her promise to pay for them, since they were sold absolutely to the purchasers of the farm and title passed to said purchasers and at the time of the alleged promise the plaintiff had no interest of any kind or nature in the rods and did not forego any right when he agreed that the rods might be retained by the defendant.

There was no evidence that the purchasers of the farm surrendered the contract or transferred the rods to the defendant in consideration of her promise to pay the plaintiff therefor.

Testimony by a witness for the plaintiff, introduced for the purpose of discrediting one of the purchasers of the farm who testified that he had "told the plaintiff" that the defendant had not agreed to pay for the rods, to the effect that he had talked with said purchaser and the latter had told him that arrangements had been made with the defendant to pay for the rods, was not admissible, since it did not contradict said witness and for the further reason that the witness whose testimony was sought to be contradicted was not asked the preliminary question

whether or not he had made a statement to the contradicting witness. Furthermore, even if such evidence were properly admissible, it constituted no proof that any arrangement had ever been made with the defendant that, as a part of the transaction whereby the farm and its buildings, outfitted with the rods, were turned back to the defendant, she would pay for the rods.

APPEAL by the defendant, Anna L. Walker, from a judgment of the County Court of the county of St. Lawrence in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 14th day of June, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of June, 1923, denying the defendant's motion for a new trial made upon the minutes.

*D. R. P. Parker* and *James J. McNeil* [*James J. McNeil* of counsel], for the appellant.

*Roscoe C. Sanford,* for the respondent.

H. T. KELLOGG, J.:

The plaintiff and one Willard S. Ormsby entered into a written contract on May 19, 1921. The plaintiff agreed to equip with lightning rods a house and barn which the contract described as belonging to Ormsby. Willard Ormsby promised to pay therefor the sum of $125 in three equal installments, payable January 1, 1922, June 1, 1922, and September 1, 1922. The lightning rods were installed forthwith without a cash payment being made therefor. The house and barn did not in fact belong to Willard Ormsby. They were situate upon a farm which was then in the possession and occupation of Willard Ormsby, Elia Ormsby, Seth Ormsby and Mildred Ormsby, under a written contract whereby the defendant, Anna Walker, the owner thereof, had agreed to sell the same to the persons named. It was apparently on behalf of these four Ormsbys that Willard Ormsby signed the contract for the rods. On October 18, 1921, the Ormsbys, for a valuable consideration, released all their rights under the land contract to the vendor, this defendant Anna Walker. The lightning rods had not then been paid for, and thereafter Willard Ormsby, as well as the other Ormsbys, declined to pay for the same. This action was thereafter brought against Anna Walker to recover the purchase price of the rods. Testimony was given by the plaintiff to the effect that the defendant, after the contract for the sale of her farm had been surrendered, in consideration of the promise of the plaintiff to leave the lightning rods upon her buildings, had promised the plaintiff to pay therefor the sum originally agreed to be paid by Willard Ormsby. Testimony was given by the defendant in denial of making such a promise. The jury deter-

mined the issue in favor of the plaintiff and the plaintiff had judgment for the amount so promised to be paid.

It is unnecessary to determine whether the lightning rods were fixtures, absolute title to which passed to the defendant when her land contract with the Ormsbys terminated. If title did so pass, then the plaintiff, in agreeing that the defendant might retain the rods, conferred no benefit and suffered no detriment. The same is true if the rods were not fixtures and had not been transferred by the Ormsbys to the defendant. The contract entered into by the plaintiff and Willard Ormsby, for the Ormsbys, was an unconditional contract. When the lightning rods were installed absolute title thereto, if the same were not fixtures, passed to the Ormsbys. Thus, when the defendant made her promise to pay therefor, the plaintiff had no interest of any kind or nature in the rods. The plaintiff did not, therefore, forego any right when he agreed that the rods might be retained by the defendant. Consequently, upon either assumption there was no consideration to support the promise of the defendant.

There was no evidence that the Ormsbys either surrendered their land contract, or transferred the lightning rods to the defendant, in consideration of her promise to pay the plaintiff therefor. A case of this character was attempted to be made through the testimony of the witness Perry. Seth Ormsby had testified that upon one occasion he had *told the plaintiff* that the defendant Anna Walker had *not* agreed to pay for the lightning rods. Apparently upon some theory of discrediting this witness, Perry was permitted to testify that he had talked with Seth Ormsby, that Ormsby had said that the farm had been sold back to the Walkers, that Ormsby was asked how the plaintiff was to get his pay for the rods, and that he had said, " We have made arrangements with Mrs. Walker." This testimony was not receivable for two reasons: (1) Ormsby had not stated that the defendant had not promised to pay for the rods. He had only said that he had *so told the plaintiff*. The testimony did not contradict Ormsby in the least. (2) Ormsby had not been asked the necessary preliminary question whether or not he had made a statement to Perry similar to that which Perry afterwards related. Furthermore, even if the evidence of Perry was properly receivable to discredit Seth Ormsby, it constituted no proof that any arrangement had ever been made with the defendant that, as a part of the transaction whereby the farm and its buildings, outfitted with the rods, had been turned back to her, she would pay for the rods. " It is important that the jury should understand that such evidence is collateral, and not evidence in chief." (Per CHURCH, Ch. J., in *Sloan* v. *N. Y. Central R. R.*

*Co.*, 45 N. Y. 127.) " Such testimony of inconsistent statements is admissible only for the purpose of impeaching the credit of the witness, but cannot be received as evidence of any fact touching the issue to be tried." (Per ALLEN, J., in *Charlton* v. *Unis*, 4 Gratt. 60.) " It is no evidence whatever that the facts are as he formerly stated; and, though appeals are sometimes made to a jury that it is so, it is the province of the court to inform them that it is not so." (Per SHAW, Ch. J., in *Gould* v. *Norfolk Lead Co.*, 9 Cush. 346.) There was no proof whatever, therefore, that the defendant, for a consideration promised the Ormsbys that she would pay the bill of the plaintiff. As the promise alleged to have been made by the defendant was in any case unsupported by a consideration the case of the plaintiff must fail.

The judgment and order should be reversed on the law, with costs, and the complaint dismissed.

COCHRANE, P. J., VAN KIRK, HASBROUCK and McCANN, JJ., concur.

Judgment and order reversed on the law and complaint dismissed, with costs.