## COURT OF APPEALS.

HARVEY WARD, respondent agt. CORNELIUS VANDERBILT, appellant.

Where in an action against a common carrier for damages by reason of negligence and fault in carrying the plaintiff for hire, where there is sufficient evidence to make it the duty of the jury to determine whether the plaintiff's sickness and loss of time were occasioned by the fault of the defendant, his agents or servants, the jury are authorized to allow him compensation therefor, although the plaintiff has given no evidence upon that point.

*March*, 1864.

APPEAL from judgment of general term.

BALCOM, J. The facts in this case are substantially like those in *Williams* agt. *Vanderbilt*, decided at this term of the court. The requests that the defendant's counsel made upon the judge, to charge the jury, do not make this case materially different from that brought by *Williams* (*supra*). Those he first made were:

1. That the testimony did not establish that the defendant was a common carrier from New York to San Francisco.

2. That the testimony did not establish any violation or neglect of duty on the part of the defendant.

3. That upon the whole evidence in the cause the plaintiff was not entitled to recover.

I am of the opinion the judge properly refused to charge either of these requests. There was sufficient evidence to make it his duty to submit the questions to the jury :

1. Whether the defendant was a common carrier of passengers from New York to San Francisco ?   (17 *N. Y.* 310.)

2. Whether he was guilty of neglect or violation of duty to the plaintiff?

3. Whether upon the whole evidence in the cause the plaintiff was entitled to recover ?

The judge rightfully refused to charge the jury : that there was no evidence that the sickness of the plaintiff was occasioned by any fault of the defendant or his agents, and that the plaintiff was not entitled to recover damages for it. He also rightfully refused to charge them : that there was no evidence that the loss of time by the plaintiff was occasioned by the fault of defendant; that there was no evidence of the value of the plaintiff's time, and that the plaintiff was not entitled to recover for loss of time.   The fact that there was no evidence of the value of the plaintiff's time, did not preclude the jury from giving him such compensation therefor as they deemed was reasonable.   There was sufficient evidence to make it the duty of the jury to determine whether the plaintiff's sickness and loss of time were occasioned by the fault of the defendant, his agents or servants.   And if the same were so occasioned, the plaintiff was certainly entitled to compensation therefor.

The other requests of the defendant's counsel were as follows, to wit :   " The plaintiff is not entitled to recover his expenses incurred after receiving notice of the loss of the North America, and before commencing his journey home. The plaintiff is not entitled to recover the expenses of his return.   If the jury find that the damages sustained by the

plaintiff were occasioned by the loss of the North America, and that loss occurred before the plaintiff engaged his passage, but both plaintiff and defendant were ignorant of the loss, and dealt in good faith, then the dealing was based upon a mistake of fact, and the plaintiff is not entitled to recover in this action. Where a person engaged in the business of transportation, advertises or holds out to the public that he will carry passengers generally, between two ports or places, without disclosing the means of conveyance to be used for such carriage, he is bound, in case of the loss or destruction of the conveyance to which the passenger is assigned, to supply another conveyance, if one can be supplied by reasonable diligence. But where the carrier holds out to the public, and notifies the passenger applying for passage, that he will carry the passenger by a particular conveyance, which is described and designated, the undertaking of the carrier is restricted to that conveyance, and in case of the loss or destruction of that conveyance, without negligence, and by the act of God, the carrier is discharged from all liability, further than to return the passage money."

These requests were properly refused, for the reasons assigned in my opinion in *Williams* agt. *Vanderbilt* (*supra*), and the authorities therein cited.

The judgment in this action should, therefore, be affirmed, with costs.

ROSEKRANS and MARVIN, JJ., expressed no opinion; all the other judges concurring.

Judgment affirmed.