## SCHULER *v.* THIRD AVE. R. CO.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. STREET RAILROADS—INJURIES TO PASSENGERS.

    Plaintiff, a passenger on defendant's street car, had set a bundle on the front platform, and when about to alight from the car, after it had come to a full stop, he stooped to pick up the bundle; and as he did so the driver suddenly released the brake, and the brake handle struck him on his eye. The driver knew of the bundle, and that plaintiff was about to alight. Plaintiff was compelled to stoop to obtain the bundle, and he could not reasonably have foreseen the sudden relaxation of the brake. *Held,* that defendant was liable, under the rule requiring the "utmost care and diligence of very cautious persons" towards passengers.

2. PROOF OF DAMAGES—RES GESTÆ.

    Testimony of a physician that plaintiff had expressed to him his physical anguish during the progress of the trial, long after the accident, is admissible as part of the *res gestæ,* where it appears that the expressions were involuntary and instinctive, and related exclusively to plaintiff's condition at the time.

3. SAME—PLEADING AND PROOF.

    The complaint alleged that, for a period of three weeks subsequent to the time of the accident, plaintiff had suffered, and was still suffering, pain. Defendant objected to the admission of the testimony of a physician as to the condition of plaintiff's eye at the time of trial, on the ground "that the pleadings are confined to the injuries within three weeks following the accident." *Held,* that plaintiff was entitled to recover for pain and suffering up to the time of trial, and also that still to be endured, and that the testimony was admissible.

Appeal from city court, general term.

Action by Herman Schuler against the Third Avenue Railroad Company. Judgment for plaintiff was affirmed by the general term of the city court, (17 N. Y. Supp. 834,) and defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Hoadly, Lauterbach & Johnson,* (*Wm. N. Cohen,* of counsel,) for appellant. *Salomon, Dulon & Sutro,* (*Rudolf Dulon,* of counsel,) for respondent.

BISCHOFF, J. Plaintiff, a passenger, and towards whom, therefore, defendant owed the duty of the "utmost care and diligence of very cautious persons" under like circumstances, to avoid the risk of injury, (*Maverick* v. *Railroad Co.*, 36 N. Y. 378,) had deposited his bundle of wall paper on the front platform, close to the dashboard, and was about to alight from the car after it had come to a full stop. He stooped to pick up the bundle, and, as he did so, the driver suddenly released the brake. The brake handle was left unguarded, and its tensile recoil caused it to come into violent contact with plaintiff's head, thus inflicting injuries to his left eye and the superorbital nerve. The driver knew of the bundle, and that plaintiff was about to alight. The sudden relaxation of the brake could not have been reasonably foreseen, and thus avoided by the plaintiff; and the act of stooping was inevitable to his attempt to regain possession of the bundle. The circumstances attending the accident were therefore adequate for the predication of carelessness of the driver.

within the rule above stated, and they also affirmatively established plaintiff's exemption from any imputation of contributory negligence, though he knew, or ought to have known, of his close proximity to the brake. The facts were thus properly submitted to the jury.

With the weight of the evidence, or the degree of credibility to be attributed to the testimony of witnesses, we have no concern, for two reasons: *First,* because this appeal is from the city court, and its judgment of affirmance is conclusive upon us respecting the matter mentioned: and, *second,* because the case does not purport to present to us all the evidence which was adduced upon the trial in the court below. *Arnstein* v. *Haulenbeek,* (Com. Pl. N. Y.) 11 N. Y. Supp. 701. Dr. Bailey, called as a witness for plaintiff to prove the extent of the latter's injuries, was permitted to testify, under objection and exception by defendant's counsel, to the fact that plaintiff had expressed his physical anguish to him long after the accident, and in fact during the progress of the trial. It is apparent, however, that these expressions related exclusively to plaintiff's condition at the time, and not to past mental or physical anguish, and were involuntary and instinctive. Under the circumstances, the testimony was properly admitted. *Davidson* v. *Cornell,* 132 N. Y. 228, 235, 30 N. E. Rep. 573. Such expressions on the part of the person injured, whether vocal or emotional only, are admissible in evidence if made at, or immediately after, the time the injuries were sustained, as constituting part of the *res gestæ,* (*Smith* v. *Dittman,* [Com. Pl. N. Y.] 11 N. Y. Supp. 769; *Kennedy* v. *Railroad Co.,* 130 N. Y. 654, 656, 29 N. E. Rep. 141;) and they are of necessity equally admissible when made to, or in the presence of, the physician who is at the time in professional attendance upon the person injured, or called in to ascertain the probable extent of the injuries, (*Werely* v. *Persons,* 28 N. Y. 344; *Brown* v. *Railroad Co.,* 32 N. Y. 600; *Matteson* v. *Railroad Co.,* 35 N. Y. 487; and see cases collated in 1 Rice, Ev. pp. 377–380.) *Roche* v. *Railroad Co.,* 105 N. Y. 294, 11 N. E. Rep. 630, cited by appellant's counsel, is to the effect only that expressions of physical suffering, when not a part of the *res gestæ,* are not admissible to corroborate the person injured, if made to persons other than the attending physician or the medical examiner or surgeon called as an expert to prove the extent of the injuries sustained. The distinction is not only reasonable, but necessary. The extent of the injuries, and the consequences which, with reasonable certainty, will attend them, are matters peculiarly within the knowledge of the medical expert. Physical, as well as mental, anguish of the person injured must necessarily enter largely into the measure of those consequences, and its presence is more or less dependent upon his physical and mental strength and endurance. It may therefore not always be externally perceptible. If it is, its perceptibility is circumscribed by the degree of endurance. The injuries may be wholly organic, and therefore incapable of visible or tactile discernment. If then, expressions of existing mental or physical anguish, which instinctively or involuntarily escape the person injured, in the presence of his physician, or the medical expert who is called to qualify himself as a witness to the probable extent of the injuries, are to be excluded from his consideration, because anguish may be feigned, or expression mere pretense, instances of injuries which are incapable of ocular or tactile demonstration would be precluded from adequate redress.

One other objection is urged on this appeal against the validity of the judgment. Counsel for appellant contends that it was error to admit the testimony of Dr. Bailey as to the condition of plaintiff's eye at the time of the trial, and that of plaintiff, to the effect that the pain and suffering attended his injuries had continued. The complaint alleged that for a period of three weeks subsequent to the time of the accident plaintiff had suffered, and was still suffering, pain, and because of this allegation defendant's counsel objected to the introduction of the testimony, on the ground "that the pleadings are con-

fined to the injuries within the period of three weeks following the accident; also on the ground that the evidence is a surprise to the defendant." It is apparent that counsel has confounded the result with the fact of the injuries. The injuries alleged in the complaint are those sustained on August 22, 1888, and these only could constitute ground for recovery in this action; but the general allegation of damage therefrom entitled plaintiff to recover, not only for the pain and suffering endured up to the time of trial, but for such as yet remained to be endured. *Ransom* v. *Railroad Co.*, 15 N. Y. 415; *Curtis* v. *Railroad Co.*, 18 N. Y. 534; *Filer* v. *Railroad Co.*, 49 N. Y. 42; *Sheehan* v. *Edgar*, 58 N. Y. 631; *Feeney* v. *Railroad Co.*, 116 N. Y. 375, 382, 22 N. E. Rep. 402. The judgment of the general term of the court below is affirmed, with costs. All concur.