## TUOMEY v. O'REILLY, SKELLY & FOGARTY CO. et al.

(Common Pleas of New York City and County, General Term.   April 3. 1893.)

1. MISJOINDER OF CAUSES OF ACTION—PROPER COURSE FOR DEFENDANT.
   Where a complaint charges the owner and the tenant of premises with creating and maintaining a nuisance by constructing a cellar door so as to partly encroach on the sidewalk, without guarding the entrance thereto when open, the proper course for a codefendant joined with them, charged with having been guilty of negligence in leaving the door open on delivering goods to the tenant, and with having otherwise obstructed the sidewalk, is to compel plaintiff to elect between the causes of action, and not to move to dismiss the complaint for insufficiency as to him.

2. EVIDENCE COMPETENT WHEN ADMITTED—SUBSEQUENT IRRELEVANCY.
   Where evidence, competent, when admitted, as against a portion of the defendants, afterwards becomes irrelevant because of the dismissal of the complaint as to them, their codefendant, against whom the action is sustained, should move to have the evidence stricken out as irrelevant, or request the court to so charge the jury; and, having failed to do so, he cannot urge the admission of such evidence as error on appeal.

3. SAME—IMPROPER EXCLUSION OF EVIDENCE—WHO MAY OBJECT.
   The exclusion of evidence competent in favor of a portion of the defendants, as to whom the complaint is subsequently dismissed, cannot be

assigned as error by their codefendant against whom the action is sustained, where such excluded evidence is irrelevant as to him.

4. SAME—MOTION TO STRIKE OUT.
    A motion to strike out, as irrelevant, evidence, part of which is relevant, is properly denied.

5. DAMAGES—PLEADING AND PROOF—PERSONAL INJURIES.
    In an action for personal injuries caused by defendant's negligence, plaintiff, under a general allegation of damages, is entitled to prove the permanent nature of her injuries.

6. SAME—PERMANENT INJURIES—EVIDENCE.
    A physician's testimony that there was a possibility of plaintiff's injury being cured by a certain treatment, but that the probability was that the injury would be permanent, considering her advanced age, warrants a finding by the jury that the injury is permanent.

7. MASTER AND SERVANT—EVIDENCE OF EMPLOYMENT.
    An admission that defendant is engaged in a business necessitating the employment of trucks and drivers, and evidence that the truck from which the merchandise was delivered at the cellar door was labeled with defendant's name, coupled with defendant's refusal at the trial to disprove ownership and the employment of the men making the delivery, warrants a finding that the truck was defendant's truck, and the men employed about it defendant's servants.

Appeal from trial term.

Action by Catherine Tuomey against Maria Moore, Richard J. Tallon, and the O'Reilly, Skelly & Fogarty Company for an injury sustained from the negligence of the servants of defendant company in the use of a cellar entrance adjacent to a street, and the street in front thereof, while engaged in delivering merchandise to defendant Tallon, the tenant of the building, which was owned by defendant Moore. At the trial the complaint was dismissed as to defendants Moore and Tallon. From a judgment entered on a verdict in plaintiff's favor against the O'Reilly, Skelly & Fogarty Company, and from an order denying its motion for a new trial on the minutes, said defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Johnston & Johnston, (Edward W. S. Johnston, of counsel,) for appellant.

Geo. H. Keaman and Horace C. Skelly, for respondent.

BISCHOFF, J. The complaint charged defendant Moore with being the owner of the premises No. 72 New Chambers street, in the city of New York, and with having constructed in front thereof, in close proximity to the sidewalk or street, and partly encroaching thereon, a cellar entrance provided with wooden doors, which, when the entrance was in use, were folded back so as to leave the entrance exposed, and that she so let the premises to the defendant Tallon. The latter was charged with the maintenance of the nuisance as lessee of the premises. Defendant the O'Reilly, Skelly & Fogarty Company was charged with having negligently permitted the cellar entrance to remain open and uncovered without guarding against the risk of injury to passers-by, and the sidewalk in front thereof obstructed, while its servants and employes were engaged in the delivery of a number of barrels of ale to Tallon, be-

tween 7 and 8 o'clock in the evening of April 2, 1891. The complaint further states that, by reason of the several acts of the defendants, plaintiff, while proceeding along New Chambers street, without fault or negligence on her part, fell into the open cellar, and in that manner sustained the injury for which she sought to recover in this action. It seems indisputable that, with respect to defendants Moore and Tallon, the complaint was framed as upon a cause of action for damages resulting from the creation and maintenance of a nuisance, (Forde v. Nichols, [Com. Pl. N. Y.] 12. N. Y. Supp. 922, and cases there cited,) with which the defendant the O'Reilly, Skelly & Fogarty Company was wholly disconnected, but so far as concerns the last-mentioned defendant, which is the only appellant, the facts alleged are sufficient to constitute a cause of action for damages resulting from an injury sustained by plaintiff through the negligence of defendant's servants.

At the opening of the trial, counsel for defendant the O'Reilly, Skelly & Fogarty Company moved to dismiss the complaint for insufficiency, but for the reasons already stated the motion was properly denied. The proper course for the defendant the O'Reilly, Skelly & Fogarty Company would have been to compel plaintiff to elect between the causes of action, and then, if she had elected to proceed upon that for damages resulting from the creation and maintenance of a nuisance, the motion for dismissal of the complaint as against the O'Reilly, Skelly & Fogarty Company would have been proper, and should have been granted. Respecting defendants Tallon and the O'Reilly, Skelly & Fogarty Company the use of the street in front of the premises for the delivery of merchandise was for the time being lawful, so neither per se nor prima facie a nuisance, (Callanan v. Gilman, 107 N. Y. 360, 14 N. E. Rep. 264;) and, observing the allegations of negligence in the use of the cellar entrance and street for the purposes mentioned, the learned trial judge properly treated the action as against the defendant the O'Reilly, Skelly & Fogarty Company to be one for negligence. This also disposes of the contention that on the trial plaintiff was permitted, against the objection of the defendant the O'Reilly, Skelly & Fogarty Company to substitute and litigate a different cause of action for the one alleged in the complaint.

When plaintiff rested, the court dismissed the complaint as against defendant Moore. Previous to this, plaintiff was permitted, under objection by counsel for the defendant the O'Reilly, Skelly & Fogarty Company, to introduce in evidence certain city ordinances which, in effect, prohibit the construction and maintenance of cellar doors extending into the street beyond a specified distance. Under like objection a survey showing the cellar entrance, and the testimony of the surveyor, were admitted in evidence. The complaint, however, charged, and the answer of the appellant denied, that the cellar entrance in front of the premises was constructed and maintained in violation of the ordinances. Hence, at the time of its admission, the evidence was competent and relevant to the issues under the pleadings, and at any rate admissible as against defendants Moore and Tallon. Laws 1878, c. 219, p. 273, as amended by

Laws 1879, c. 211, § 1, p. 290; McGrath v. Railroad Co., 63 N. Y. 530. If upon the dismissal of the complaint as against defendant Moore, and the prosecution of the action against the remaining defendants as one for negligence, the evidence admitted was irrelevant, the defendants should have moved to have it struck out, or requested the court to instruct the jury to disregard it. Again, before the dismissal of the complaint as against the defendant Moore, counsel for appellant defendant, on cross-examination of Lynch, the surveyor, sought to show that like cellar entrances to the one in question had existed in this city for many years, and then existed in the vicinity of the premises described in the complaint, but this evidence was excluded. Assuming it to have been relevant at the time of taking exception to its exclusion, because the action had proceeded as one for a nuisance, it ceased to be so when the action continued as one for negligence. That there were other cellar entrances elsewhere in the city or vicinity of the premises could not, in any sense, help the appellant defendant, to relieve it from the exercise of due care in the use of the particular cellar entrance in question, or the street in front thereof. The exclusion of the evidence was therefore not error.

Appellant next contends that the trial judge improperly refused to strike out certain irresponsive testimony on plaintiff's direct examination. This testimony was to the effect that plaintiff's husband was blind. On a proper motion it ought, certainly, to have been stricken out, as by the pleadings plaintiff was confined to the recovery of compensatory damages for the injury sustained by her, and that her husband was blind, or crippled, could in no wise tend to establish either that appellant defendant was negligent, plaintiff free from contributory negligence, or the extent of the injury or damages to which she was entitled. Pennsylvania Co. v. Roy, 102 U. S. 451; Platner v. Platner, 78 N. Y. 90, 102; Bank v. Cowan, 2 Abb. Dec. 88, 90. But the motion to strike out included evidence tending to show that plaintiff's fall was caused by a rope stretched across the sidewalk,—a fact which was competent and relevant to the questions of defendant's negligence, and plaintiff's freedom from contributory negligence. Hence the motion was properly denied. McCabe v. Brayton, 38 N. Y. 196; People v. Beach, 87 N. Y. 509, 512. It was not thereafter renewed, nor was the court asked to instruct the jury to disregard the objectionable testimony. Baylies, Trial Pr. 205, etc.

Plaintiff was asked on her direct examination, "Has your hurt ever been entirely cured?" This was answered under objection and exception; the objection being that the inquiry was "improper," and the subject-matter thereof not pleaded. The question was plainly intended to elicit the fact of the continued effect of the injury upon the witness, and, construing the action, as we do, to be one for negligence against the appellant defendant, plaintiff was entitled, under a general allegation of damage, to have included in her recovery compensation for the pain and suffering endured up to the time of trial, and to be thereafter endured. Schuler v. Railroad Co., (Com. Pl. N. Y.) 20 N. Y. Supp. 683.

An exception was taken to the alleged charge of the learned trial judge, "that the jury may take into consideration what the physicians consider as reasonably certain would be the permanent injury to the plaintiff," but what he did charge was that the jury "may take into consideration what the physicians have said as to the permanency of the injury," thus merely referring the jury to the testimony, and not assuming the injury to be of a permanent nature. But the evidence was sufficient to justify the jury's inference that the injury was permanent. Dr. Shannon testified: "At her age, unless it was treated gradually, [meaning plaintiff's arm,] with manipulation and moving about, she won't recover the use of it. The prospect is, I think, it will remain permanently injured." And we understand this to mean that while there was a possibility of a cure by gradual manipulation, and moving about, of the arm, it was not within the bounds of probability, because of plaintiff's advanced age, and her injury was therefore reasonably certain to remain permanent.

The complaint alleged that the appellant defendant was at the time of plaintiff's injury engaged in the brewing business in the city of New York, and owned trucks and horses, and employed drivers and assistants, in and about its business. This was not denied by answer, and must therefore be taken as admitted, (Code Civil Proc. § 522;) and the admission with the evidence that the truck from which the ale was being delivered at the time of plaintiff's injury bore the name of "O'Reilly, Skelly & Fogarty," coupled with appellant defendant's refusal to disprove its ownership thereof, and the employment of the men assisting in the delivery of the ale, on the trial, was sufficient to sustain a finding that the truck was the property of the appellant defendant, and the men its servants and employes. Seaman v. Koehler, 122 N. Y. 646, 25 N. E. Rep. 353; Wylde v. Railroad Co., 53 N. Y. 156.

The remaining exceptions are without gravity, viewing the action as one for negligence, and not for the creation and maintenance of a nuisance.

The judgment and order should be affirmed, with costs.

BOOKSTAVER, J., concurs.

PRYOR, J., (concurring.) In form the complaint is undoubtedly faulty, since it alleges two several and distinct wrongs, for each of which only some of the defendants were responsible. As the causes of action so combined do not affect all the parties, they were improperly united; but the appellant's remedy was by demurrer, and by failure to demur it waived the vice in the pleading. True, the appellant was not answerable for the creation or maintenance of the alleged nuisance in the highway, but the verdict does not proceed upon appellant's liability for the nuisance. The complaint explicitly imputes to the appellant that it obstructed the sidewalk in so careless, negligent, and unlawful a manner that thereby the plaintiff was precipitated into the excavation. The evidence tended to establish the allegation of negligence against the appellant, the court submitted the issue of negligence to the

jury, and the verdict finds the fact of negligence upon sufficient proof. The appellant, however, insists that it owed no such duty to the plaintiff as would support an imputation of negligence. The contention is untenable. Whoever uses the highway, and for whatever purpose, is under obligation so to conduct himself as not unreasonably and carelessly to expose to peril another lawfully engaged on the highway. Indeed, in every situation and relation of life, the law exacts proper care to avoid injury to another. "Sic utere tuo ut alienum non laedas" is a principle of universal prevalence. Other exceptions are obviated by the argument in the prevailing opinion.