Bischoff, J.
The trial court properly rejected the juror to whose exclusion from service defendants’ counsel excepted. The juror alluded to admitted that he had conceived a prejudice againgi plaintiffs generally in actions to recover damages for personal iafc juries from the fact that he had been a defendant in such an actionf' and that only “ strong evidence ” would induce him to find in plaintiff’s favor. This we understand to mean that the juror had actual bias against plaintiff, which would prevent him from find *446 ing a verdict against the defendants upon a mere preponderance of the evidence, and that to overcome his bias the juror would require plaintiff to present a case free from all reasonable doubt. Such is not the rule in civil causes. N. Y. & Brooklyn Ferry Co. v. Moore, 1 Silv. Ct. App. R. 52 ; 1 St. Rep. 374. In answer to an inquiry by defendants’ counsel the juror subsequently stated that he thought he could render an impartial and just verdict upon the evidence. This did not conflict with his "previous statement as to the degree of the evidence which the juror would require of the plaintiff, and obviously did not exclude the fair inference that in the absence of absolute certainty of defendants negligence and plaintiff’s freedom from contributory negligence would not render a verdict in the latter’s favor. It was within the exercise of a sound discretion on the part of the trial justice, sitting as the trier of the competency of the persons summoned as jurors, to reject any of them whose indifference between the parties litigant was in doubt. Freeman v. People, 4 Denio, 35 ; Halsled v. Man. Ry. Co., 32 St. Rep. 109 ; 11 N. Y. Supp. 4. If the doubt be solved against the juror’s competency , an appellate court -should not disturb the trier’s determination. Reynolds v. U. S., 98 U. S. 245. “ It is certainly much to be desired that jurors should enter upon their duties with minds entirely free from prejudice. Perhaps, on general and public questions, is scarcely possible to avoid receiving some prepossessions, and where a-private right depends upon such a question, the difficulty of obtaining jurors whose minds are entirely unfluenced by opinions previously formed is undoubtedly considerable. Yet they ought to be superi- or to every exception; they ought to stand perfectly indifferent between the parties; and although the bias which was acknowledged in this case might not, perhaps, have been so strong as to render it positively improper to allow the juror to be sworn on the jury, yet it was desirable to submit the case to those who felt no bias either way, and, therefore, the court exercised a sound discretion in not permitting him to be sworn.” Mima Queen & Child v. Hepburn, 7 Cranch, U. S. 290, 297.
The complaint alleged that “ the defendants were then the owners of a certain truck or vehicle and two horses, which was then passing along said highway, in the possession of defendants’ servant, who was driving the same,” and defendants’ counsel moved the dismissal of the complaint at the opening of the trial for insufficiency, in that it was not alleged that the truck was being driven by defendants’ servant in the course of the latter’s employment. The presumption , however, was that the servant, while in charge of tiie truck, was acting within and not in violation of his duty. Turner v. Kouwenhoven, 100 N. Y. 115. Aided by this presumption, the averment of the complaint was sufficient, the motion to dismiss was, therefore, properly denied.
•The complaint further alleged that in consequence of the injury sustained by him from the collision plaintiff “ was for about one month prevented from attending to his business.” Defendants’ counsel objected to the introduction of evidence for plaintiff which tended to show the nature of the latter’s employment at the time *447 of, and immediately before the collision, and the value of his earnings, on the ground that there was no sufficient allegation of special:damages. We are of the opinion that the complaint was sufficient if the loss of plaintiff’s earnings in the particular employment in which he was engaged at the time he sustained the injury may be considered special damage. But, if otherwise, the evidence was, notwithstanding, competent. Loss of time and the inability of the injured party to earn money, are among the main. elements of damage which naturally flow frotii an injury. Compensation for these is, therefore, part of the general damages to which the injured person is entitled, and is included in the allegation of the latter. Sutherland on Damages, vol. 1, § 93 ; Am. & Eng. Ency. of Law, vol. 5, p. 40. “ The plaintiff was entitled to recover (if at all) for the time lost in consequence of the injury received, and to show what it would have been worth to him.” Beisiegel v. N. Y. C. R. R. Co. 40 N. Y. 9, 10; see, also Ward v. Vanderbilt, 4 Abb. Ct. App. Dec. 521; Masterson v. Mount Vernon, 58 N. Y. 391. Loss of time and earnings are “ the direct and necessary consequences of the injury and sustained strictly and almost exclusively as an effect from it”; and evidence of the particular calling of the person injured “may have an application without any inquiry into any remote or contingent consequences which could not have been foreseen or.which are peculiar to the circumstances of the plaintiff.” Wade v. Leroy, 20 Ho. U. S. 33, 44. Being competent generally, the evidence objected to was admissible. If defendants wished to have its effect limited to particular aspects, it was incumbent upon counsel to - aslc the court to instruct the jury regarding-them. Gumb v. Twenty-third St. R. R. Co., 114 N. Y. 411, 414 ; 23 St. Rep. 748 is not to the contrary. There the plaintiff had been permitted to prove and recover, as j>art of his damages, moneys alleged to have been paid for assistance in his business during his incapacity. These payments were held to be special damages because not the inevitable result of the injury, and not recoverable because not alleged. Defendants’ exceptions to the admission of the evidence alluded to are, for the reasons stated of no avail.
A further exception appears to the admission of plaintiff’s testimony, which tended to show that his injury was continuous. Under a general allegation of damages, plaintiff was entitled to prove and recover for pain and suffering endured up to the time of the trial, as well as for such pain and suffering as he was reasonably certain to endure thereafter. We also ruled in Schuler v. Third Ave. R. R. Co., 1 Misc. R. 351; 48 St. Rep. 663, following the adjudications there collated.
It appeared in evidence that the truck with which the plaintiff collided bore the name of defendant’s firm. This fact, taken with defendants’ failure to deny their ownership, was prima facie evidence that the truck was defendants’ property, and the driver in charge of it their servant. Seaman v. Koehler, 122 N. Y. 646 ; 33 St. Rep. 729 ; Wylde v. Northern R. Co., 53 N. Y. 156 ; Tuomey v. O'Reilly, Skelly & Fogarty Co., 3 Misc. R. 302, 307; 52 St. Rep. 119 ; Wennerstrom v. Kelly, 57 St. Rep. 522; 27 N. Y. Supp. 326. Aside from these inferences, however, the evidence is abund *448 antly to the effect that the truck was used by defendants, and that the driver was employed by them in their business.
Wesley, a witness for defendants, was asked on cross-examination : “Did you at any time tell him (Cullen) that the cause of the accident was because the driver pulled the wrong line? ” and to its admission defendants’ counsel objected and excepted. The witness had not previously testified to the manner in which the accident had occurred. The question was not admissible, therefore at the time, to impeach the witness’ credibility by showing that he had made statements out of court conflicting with his testimony. As the witness’ testimony then stood, the question plainly called for hearsay evidence, and so should have been excluded. Its admission, however, did not prejudice defendants, the witness answering that he did not make the statement. Subsequently, Wesley was recalled by defendants and then testified, in corroboration of the testimony of-the driver of defendants’ truck, that the overturning of plaintiff’scoach was due to the insecure position in which plaintiff had negligently placed the coach, the coach having been described by the driver as resting on its “ inside ” wheels on the top of some “ piles of dirt ” and the other wheels being in the roadway, on a level with the sidewalk, so that, by slight contact with it, the coach might be easily caused to turn over. Thereafter, plaintiff called Cullen as a witness in bis behalf, and against the objection and exception of defendants’ counsel the last named witness was permitted to testify to the fact that Wesley did make the statement denied by him. Cullen’s testimony in this respect was properly admitted. Wesley’s testimony, when recalled, rendered his denial of having made the statement to Cullen material. It was then competent to plaintiff to impeach Wesley’s credibility by showing that he made statements out of court which conflicted with his testimony on the trial, and to lay a proper foundation for the introduction of evidence of the conflicting statements, it was incumbent upon plaintiff’s counsel first to call the witness’ attention specifically to the matte.r as to which it was intended to contradict him , by asking him whether or not he made the statement. Meyer v. Campbell, 1 Misc. R. 283 ; 48 St. Rep. 666; Mead v. Shea, 92 N.Y. 122. It was the province of the trial court, at any time before the case was submitted to the jury, to correct any error in the admission of evidence by directing that the objectionable evidence be stricken out, and that the jury disregard it. Gall v. Gall, 114 N. Y. 109; 22 St. Rep. 746; Holmes v. Moffat, 120 N. Y. 159 ; 30 St. Rep. 779 ; Chesebrough v. Conover, 140 N. Y. 382 ; 55 St. Rep. 728. Such a direction was prevented by the testimony given by Wesley upon his recall. His denial of having made the statement to Cullen, and the latter’s affirmation that the statement was in fact made, became material and admissible on Wesley’s recall as tending to impeach his credibility. Plaintiff was entitled to have the contradictory testimony of the witnesses considered by the jury. It would have been error, therefore, if the trial court had directed the’testimony of either witness to be stricken out and disregarded.
Other exceptions which appear in the case do not merit discus *449 sion. The evidence was sufficient to sustain a finding that the collision with plaintiff’s coach was caused by the recklessness of the driver of defendants’ truck, and that the plaintiff was free from c on tribu tory negligence. The charge embodied every essential instruction in such cases. Whatever error was predicable of any isolated part of the charge, to the effect that defendants were liable unless plaintiff could have avoided the collision by-the use of reasonable care, was cured by the subsequent instruction to the jury that “ if the accident happened through the negligence of the driver of the defendants, with no negligence on the part of the plaintiff, then the verdict must be for the plaintiff.” If the charge, as a whole, presents the questions fully and fairly, so that the jury were not misled, an exception to a part, which standing alone, may be open to adverse criticism, will not be available for the assignment of error. Hickenbottom v. D. L. & W. R. R. Co., 122 N. Y. 91; 33 St. Rep. 312.
The judgment should be affirmed, with costs.
Bookstaver, P. J., and Pryor, J., concur.