(11 Misc. Rep. 413.)

## GEILER v. MANHATTAN RY. CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. CARRIERS—INJURY TO PASSENGER LEAVING MOVING TRAIN.

The elevated train on which plaintiff was a passenger did not run to plaintiff's destination, but stopped at an intermediate station, where the passengers were required to change cars, but the guard did not at once announce that the train would proceed no further. Plaintiff alone was ignorant of the change, and remained in the car, and was thereupon told by the guard, "Hurry up; change cars." He started to leave the car, but went back to his seat to get an article which he had left, and when he reached the platform the gates had been shut, and the train had commenced to move. He requested the guard to stop the train and let him off. The guard then opened the gate, and told him to jump, which he did, receiving the injuries complained of. *Held,* that it was a question for the jury whether plaintiff was guilty of contributory negligence.

2. SAME—MISCONDUCT OF TRAINMEN.

The right of a passenger to recover for injuries received in leaving a moving train at the direction of the guard is not affected by the fact that the guard was guilty of a misdemeanor in opening the gate to allow plaintiff to alight.

Appeal from trial term.

Action by John A. Henry Geiler against the Manhattan Railway Company to recover damages for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant's servants. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes of the court, defendant appeals. Affirmed on condition.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Julien T. Davis and Joseph H. Adams, for appellant.

Edward J. McGanney, for respondent.

BISCHOFF, J. The plaintiff, 66 years of age at the time, was a passenger on the defendant's elevated railroad train, seated in the rear car, at some distance from the door, and expected to be carried, without change of cars, to 145th street, near his place of employment, as he had been on former occasions. When the train arrived at 135th street station, the guard announced that fact, but did not at once admonish the passengers to leave the cars, or proclaim that the train was to proceed no further. The plaintiff alone, unaware that the train was not to proceed onward, remained in the car, and was thereupon told by the guard to "Hurry up, change cars." He started to leave the car, noticed that he had left his lunch box on the seat, retraced his steps, possessed himself of his lunch box, and again started to leave the car. Having gained the platform of the car, he there met the guard, told the latter that he wished to go to 145th street, and met with the retort, "Hurry up; change cars, take another train." At this time the side gates of the car platform were closed, to prevent ingress to and egress from the car; and the train, which was still at the station platform, had just commenced to move away. The plaintiff requested the guard to stop the train so that he might alight. The guard thereupon opened the gate, and,

addressing the plaintiff, commanded him to "Hurry up, get out, get out," and "Hurry up, jump." Believing that he could do so with safety, the plaintiff stepped off the car, through the opened gate, upon the station platform, was thrown, and so sustained the injuries complained of.

The foregoing facts appear from the unchallenged testimony of the plaintiff and of his witness, Lynch. That they establish negligence on the part of the defendant's servant is not disputed, but it is contended that they equally establish contributory negligence of the plaintiff, as matter of law, and that, therefore, the learned trial judge erred when he submitted the question to the jury against the defendant's protest. We are of the opinion that under the circumstances in evidence the question of the plaintiff's contributory negligence was one of fact, and that with the jury's finding that the plaintiff was not negligent in leaving the car as he did we should not interfere. It was competent for the jury to say that the train had not yet reached a point of speed where an attempt to leave it was fraught with danger obviously certain to result in injury, and that the plaintiff's natural reliance upon the guard's greater experience in that connection, coupled with the peremptoriness of the latter's command to "Hurry up, get out," or "jump," and the necessity for instantaneous action, persuaded the plaintiff into compliance, believing that it was safe so to do. Filer v. Railroad Co., 49 N. Y. 47; Lambeth v. Railroad Co., 8 Am. Rep. 508; Railroad Co. v. McCurdy, 12 Am. Rep. 577; Doss v. Railroad Co., 21 Am. Rep. 371; Railroad Co. v. Cantrell, 40 Am. Rep. 105. It is not negligence per se if it appears that "some direction was given to the passenger by those in charge of the train, or some situation created, which interfered to some extent with his free agency, and was calculated to divert his attention from the danger, and create a confidence that the attempt could be made in safety." Soloman v. Railway Co., 103 N. Y. 437, 442, 9 N. E. 430. "In such a case [Filer v. Railroad Co., 49 N. Y. 47] there may be a stress of circumstances, in the passenger being obliged to choose between being carried away from the place where his duties or ties compelled his presence, and of endeavoring to alight, upon the direction or suggestion of the railroad employé." "The question, then," where the speed of the moving train was not such as to render the risk of injury obviously certain, "might very properly be left to the jury, for them to pronounce upon the character of the act." Hunter v. Railroad Co., 126 N. Y. 18, 23, 26 N. E. 958. And see dissenting opinion of O'Brien, J. For the reasons stated, also, the trial judge properly charged the plaintiff's 4th, 5th, 7th, 8th, and 9th requests, and the exceptions to the charge in those respects do not present error.

Whether or not "the defendant gave the plaintiff due opportunity to alight before the guard closed the gates," whether or not "the closed gate and train in motion was notice to the plaintiff that the time for leaving the train was passed," and whether or not "the fact that the guard closed the gate and set the train in motion was notice to the plaintiff that he had a right to remain on the car until the train should again stop," were facts to be determined by the jury

from all the attending circumstances. Defendant's request to charge the affirmative were therefore properly refused. The exceptions to the refusal to charge the defendant's 5th, 12th, 13th, 14th, and 15th requests, to the effect that "after the gate was closed and the train was in motion the plaintiff had no right to alight"; that "the words of the guard did not amount to a coercion"; that "if the plaintiff asked the guard to let him get off he cannot recover"; that "if the words of the guard were merely to express advice, and not compulsion, they could not excuse the plaintiff"; and that "if the plaintiff could have remained on the cars, and the guard only opened the gate to convenience the passenger, and if the guard did not force the plaintiff to get off, the plaintiff cannot recover,"—are severally answered and disposed of by what has been said with regard to the question of the plaintiff's alleged contributory negligence. For the reasons also there stated, the trial judge properly charged that it was the province of the jury to determine whether or not it was, under the circumstances, the act of an ordinarily prudent person for the plaintiff to alight from the car as he did.

The defendant's sixteenth request was charged. The trial judge properly refused the defendant's eighth request. That the guard was guilty of a misdemeanor in opening the gate while the train was in motion (Laws 1881, c. 399), and that the plaintiff was chargeable with knowledge of the fact, did not, in law, preclude his recovery. 2 Thomp. Neg. p. 1003; Whart. Neg. § 330; 4 Am. & Eng. Enc. Law, p. 50, and cases collated in notes 1 and 2.

A further exception was taken to the charge that the jury could award, as part of the plaintiff's recovery, damages for future loss of services and future pain and suffering. The charge was proper (Filer v. Railroad Co., 49 N. Y. 42; Schuler v. Railroad Co., 1 Misc. Rep. 351, 20 N. Y. Supp. 683), and authorized by the evidence. It appeared from the plaintiff's testimony that before the accident he had been earning from $15 to $20 per week in his trade, which was that of a painter and paper hanger; that as a result of his injuries one of his legs became somewhat shorter than the other, thus impeding his work and reducing his earning capacity; and that at the time of the trial he was still subject to occasional pain and physical anguish. Furthermore, the injured parts of the plaintiff's person were submitted to the inspection of the jury at the time of the trial. These parts still bore the effects of the injuries, and it was within the reasonable experience of the jury to say from their inspection whether or not the plaintiff was likely to be afflicted with continued suffering. The trial judge nowhere charged that the jury could award damages for permanent injuries. Hence, the contention that the charge was without support in the evidence in that respect is without force.

Exceptions to rulings upon the admission and exclusion of evidence are not urged on this appeal. Notwithstanding, we have examined the record. Exception was taken to the admission of testimony touching the plaintiff's involuntary and instinctive exclamation of pain. This testimony, we think, was properly admitted. Schuler v. Railroad Co., 1 Misc. Rep. 351, 20 N. Y. Supp. 683. Con-

sidering, however, the plaintiff's advanced age; that before the accident he did not earn above $20 per week; that he has lost no limb; that his earning capacity has been diminished, not altogether destroyed; that his injuries do not appear to be of a permanent character, or of such a nature as to entail upon him constant pain and suffering in the future; that the case was not one for the recovery of vindictive damages,—and comparing the recovery herein ($7,500) with the awards made in other cases presenting features of greater aggravation, we cannot escape the conclusion that the verdict was excessive, and that $3,500 would have been a sufficient compensation. Accordingly, we direct that the judgment and order appealed from be severally reversed, and a new trial granted, with costs to abide the event, unless the plaintiff shall file his consent in writing that the verdict be reduced to $3,500, in which event the judgment, so reduced, and said order, will be affirmed, without costs of this appeal.    All concur.