ant, under a reasonable construction of the relations between the parties. But in this case the facts establish that an unreasonable infliction was imposed upon him, and his abandonment of the premises was justified. It would seem that the tenant had made out a good defense to the February rent, and was entitled to counterclaim, as against the January rent, which was payable in advance (Giles v. Comstock, 4 N. Y. 270), for the value of the premises after his removal therefrom, which he lost through plaintiff's default (Denison v. Ford, 7 Daly, 384).

Judgment reversed and a new trial ordered; costs to the appellant to abide the event. All concur.

---

(18 Misc. Rep. 165.)

## TYLER v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department. October 29, 1896.)

1. APPEAL FROM NEW YORK CITY COURT—REVIEW OF FACTS.
    The appellate term of the supreme court will not review the facts on appeal from the general term of the city court of New York.

2. DAMAGES—PERMANENT INJURIES—PLEADING.
    Plaintiff may recover for permanent injuries, though there is no special allegation thereof in the complaint.

3. WITNESS—CREDIBILITY—INSTRUCTION.
    It is error to charge that "the jury are not bound to believe the testimony of any of the witnesses" where there were several disinterested witnesses, whose testimony was not contradicted, and was not inherently improbable.

Appeal from city court of New York, general term.

Action by Charles Tyler against the Third Avenue Railroad Company. From a judgment of the city court affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John Vernon Bouvior, Jr., for appellant.

Noah Cornwell and Charles C. Nott, Jr., for respondent.

BISCHOFF, J. The plaintiff was the driver of a street car owned by the Second Avenue Railroad Company, and was injured through a collision between such car and a cable car controlled by the defendant's servants under the following circumstances: At about 1 o'clock in the morning of October 29, 1894, plaintiff was driving his car up the Bowery, upon a track used jointly by the Second Avenue Railroad Company and by the defendant, and approached Grand street prepared to turn easterly upon the tracks on that street, such being his regular route. The approach of a Grand street car upon the intersecting track which he intended to use caused him to come to a stop when on the spur connecting the Bowery track with the Grand street track, but with the rear of his car overhanging the Bowery track. The Grand street car passed in front of him, stopped, discharged and received many passengers, and had started, when the defendant's car, approaching from the rear on the Bowery track, crashed into the overhanging rear platform of the plaintiff's car with considerable

force, and he was injured.    This was the plaintiff's testimony, and the facts were not shown to have been otherwise, materially, by the other witnesses called.    The defendant adduced no evidence, but moved a dismissal of the complaint upon the ground that, as matter of law, there was contributory negligence, and that the defendant's servant was not shown to have been in fault.    If the plaintiff's story was correct, his car was in the position in which it was struck for a considerable period, during which the defendant's car was approaching from the rear, and the inference must be that the defendant's gripman either failed to note that position, with ample opportunity to stop his car, or, if unable to observe the situation on account of the darkness, was reckless of consequences in his approach. Necessarily the stoppage of a car in front was to be anticipated, in the course of travel along the street, by the defendant's servant; and the evidence shows that this was not a sudden stoppage, such as might bring about an unavoidable collision.    The Grand street car passed the plaintiff's car when the latter had come to a stop, and, after coming to a stop itself, discharged 18 or 20 passengers, and took on about 10 or 12.    It then started, and after this the collision occurred.    The plaintiff testified that his car was standing still for half a minute, and so it must, indeed, if he was correct in his account of the attendant circumstances.    But the appellant urges the plaintiff was racing his car against the Grand street car for a position on the Grand street track, and so was negligent.    It might, perhaps, be inferred from his testimony to the effect that the Grand street car "cut him off," and that he had to "jerk his horse" off the track, that such was the fact; but while he was thus at fault in his relation to his employers, or to persons upon the highway, this was not negligence contributory to this accident, since its effect had ceased, and a condition of affairs quite disconnected from the plaintiff's act existed at the time of the collision.    The plaintiff was not negligent, so far as appears, in hauling his car upon the spur or switch, since, of necessity, this was a part of his route whereon he was called upon to exercise particular vigilance in avoidance of a collision with the crosstown cars; and there is no evidence of any recognized custom which called upon his fellow servant, the conductor, to make signals to the cars in the rear that the car had come to a stop, when the fact itself could only be disregarded through carelessness upon the part of those controlling such cars.    It would have been a manifest error to have withheld the case from the jury.

The appellant's further argument for a reversal deals with certain portions of the charge, and with the propriety of the award of damages as made by the jury.    As to whether or not the verdict was excessive, no inquiry may be had upon this appeal.    The matter was within the functions of the general term below, but does not fall within ours.    Davidson Steam-Pump Co. v. Peerless Manuf'g Co., (Com. Pl.) 13 N. Y. Supp. 268, and cases cited.    Exception was taken to an isolated part of the charge wherein it was claimed that the trial justice submitted merely the question of the defendant's negligence to the jury, as the test of recovery, and omitted mention of the rule as to contributory negligence.    At the outset the jury were

properly instructed upon the question of contributory negligence, and the words to which the exception was taken had to do solely with the defendant's responsibility for the negligence of its servant, the gripman. The instruction was clearly expressed, and could not reasonably have been understood in any manner other than as dealing with the matter of attributable negligence.

A further claim is made that the justice erroneously omitted from his statement of facts the point that the plaintiff may have been racing his car with the Grand street car, and the appellant refers to an exception which is claimed to present error in this respect. Actually the exception deals with an entirely different question, and was not well taken, but the court was not required to enter upon any dissertation on the facts, and the rules of law were properly laid down.

Next it is urged that the jury were improperly allowed to make an award for permanent injuries in the absence of any special allegation of such damage in the complaint, but, upon authority, an allegation of special damage in this regard was not required (Ehrgott v. Mayor, etc., of New York, 96 N. Y. 277), and the complaint contained ample general averments of injury, as in the case cited.

The propriety of the refusal of two requests to charge remains to be considered. The first was: "That if the jury believe that the plaintiff was taking chances in attempting to cut off the Grand street car, he has been guilty of contributory negligence, and cannot recover." It is obvious that this request assumed the fact that the plaintiff's act in so taking chances was an efficient cause contributory to the accident, whereas there was evidence to the contrary of the assumption; hence the refusal was proper.

The remaining request was to charge: "The jury are not bound to believe the testimony of any of the witnesses who have presented their testimony here at this trial." In view of the fact that this proposition went to the credibility of several disinterested witnesses, whose testimony was not contradicted nor laid open to question through inherent improbability, the correctness of the ruling is apparent. Lomer v. Meeker, 25 N. Y. 363; Howe v. Schweinberg, 4 Misc. Rep. 73, 23 N. Y. Supp. 607.

An exception was taken to the court's refusal to charge as requested in another instance, but the record shows that the charge itself, as made, covered the question in point in so far as could be asked, and such was the ground of the ruling as expressed.

The judgment must be affirmed, with costs. All concur.