LEVISON v. BERNHEIMER et al.

(City Court of New York, General Term. March 2, 1900.)

1. NEGLIGENCE—EXTENT OF INJURY—DAMAGES.
     A verdict of five dollars for personal injuries is insufficient, where the conceded injury was a lacerated scalp wound, which was caused by defendant's negligence.

2. SAME—PLEADING—EVIDENCE.
     Testimony of plaintiff's physician that he treated plaintiff for convulsions and epileptic fits, which were the result of a shock, was admissible, under the allegations that plaintiff was thrown violently to the ground, causing severe injuries to the head and other portions of his body, and that he suffered extreme pain and distress of mind by reason of such injuries and from the severe mental shock.

Appeal from trial term.

Action by Ruben Levison, an infant, etc., against Simon E. Bernheimer and another. From a judgment for defendants for costs, and a verdict for plaintiff for five dollars, and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Jacob Manheim, for appellant.
Grant C. Fox, for respondents.

O'DWYER, J. The verdict of five dollars in favor of the plaintiff should be set aside as insufficient. By its verdict, the jury have said that the plaintiff sustained injuries by reason of the negligence of the defendants, and without any negligence on the part of the plaintiff contributing thereto, and that those injuries were received in the manner claimed by the plaintiff. It appears from the testimony of Dr. Rosenbaum, defendants' witness, that shortly after the acci-

dent the plaintiff was brought to the dispensary, and that the physician in charge examined him, and found a lacerated scalp wound, which he washed with bichlorides and bandaged up. Excluding from our consideration all the evidence offered by the plaintiff as to the nature and extent of the injuries received, we are of opinion that the sum awarded by the jury was insufficient to compensate for the conceded injury. The physician who had treated the plaintiff after the injuries testified that he treated him for convulsions, and that he had epileptic fits, which were the result of a shock. Defendants' counsel objected to this testimony as incompetent on the pleadings, and moved to strike out all of such testimony, upon the ground that it was not pleaded. The motion of defendants' counsel was granted, and plaintiff's counsel duly excepted. The complaint alleges that the plaintiff was thrown violently to the ground, causing severe injuries to the head, left leg, and foot of the plaintiff and other parts of his body; that the plaintiff was thereby and then lacerated, bruised, cut, and contused in and about the head, left leg, and foot and other parts of his body; that as a result of such injuries, sustained as aforesaid, he was made lame, sore, sick, and disabled; that he suffered, and continues to suffer, by reason of such injuries, occasioned as aforesaid, from extreme pain of body and distress of mind, and also from severe shock and nervous prostration, and, as he is informed and verily believes, will permanently suffer from the effects of such injuries. Under these allegations, it was error to strike out the evidence. Ehrgott v. Mayor, etc., 96 N. Y. 265; Filer v. Railroad Co., 49 N. Y. 42; Tyler v. Railroad Co., 18 Misc. Rep. 165, 41 N. Y. Supp. 523; Tuomey v. O'Reilly, Skelly & Fogarty Co. (Com. Pl.) 22 N. Y. Supp. 930; Schuler v. Railroad Co. (Com. Pl.) 20 N. Y. Supp. 683.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FITZSIMONS, C. J., concurs.