(12 Misc. Rep. 58.)

### HERTZ v. MINZESHEIMER.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

WITNESS—IMPEACHMENT—FORM OF QUESTION.

> A witness for plaintiff, on cross-examination, denied that she had made a certain statement to one S. contradictory to her testimony. Afterwards S. was called by defendant, and, after stating the time and place of a certain conversation between such witness and herself, plaintiff not being present, she was asked to state "what that conversation was." *Held*, that the testimony was properly excluded, in that it called for the whole conversation, and not merely for so much as was necessary to prove the contradictory statement.

Appeal from city court, general term.

Action by Moses Hertz against Clara Minzesheimer. From a judgment of the city court (30 N. Y. Supp. 805) affirming a judgment rendered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Joel M. Marx, for appellant.

J. C. Julius Langbein, for respondent.

BISCHOFF, J. This action was brought to recover an agreed compensation for services rendered by plaintiff, as broker, in the exchange of defendant's property. The sole issue presented by the evidence was whether the defendant had promised to pay plaintiff $500 should the property received in exchange be of the value of $30,000, which it concededly was, or whether one-half of 1 per cent. upon such value was the commission agreed upon, which amount had been actually paid. As a witness for the plaintiff, Minna Hertz, his wife, was called, and testified that the promise to pay $500 was made in her presence. Upon cross-examination she testified, in answer to defendant's counsel: "I did not see her [Mrs. Seligman] in Newark for over a year before this exchange took place. I did not tell Mrs. Seligman that my husband did not make much upon this exchange; that he was to get only one-half of one per cent. for it." Subsequently Mrs. Seligman was called for the defense, and, after stating the time and place of a certain conversation between Mrs. Hertz and herself, was asked to state what that conversation was. The testimony was objected to, as "incompetent, irrelevant, and immaterial, the plaintiff not having been present." Defendant's counsel stated that it was offered for the purpose of contradicting Mrs. Hertz, and for the purpose of impeaching her credibility. Plaintiff's counsel then expressly renewed his objection as above, and further objected "that the testimony of Mrs. Hertz on that point was brought out by the defendant on cross-examination." The objections were sustained, and exception was duly taken. Upon this exception alone the judgment is assailed, there being nothing in the record which could present other points for this court to review. The evidence excluded was offered to impeach Mrs. Hertz's particular credit as a

witness in this action, and for such purpose, had the question put to the impeaching witness been properly framed, it would undoubtedly have been admissible (Effray v. Masson [Com. Pl. N. Y.] 18 N. Y. Supp. 353), and the presence or absence of the plaintiff at the time when the statement was made would have no significance in the matter (Frankel v. Wolf, 7 Misc. Rep. 190, 27 N. Y. Supp. 328; Briggs v. Wheeler, 16 Hun, 583); nor would the fact that the testimony of Mrs. Hertz had been brought out on cross-examination have been a proper ground for exclusion. It is essential to the introduction of the impeaching witness' testimony that the witness sought to be impeached should be interrogated concerning the inconsistent statement alleged to have been made out of court with reasonable certainty and precision, and this, necessarily, on cross-examination. Crane v. Hardman, 4 E. D. Smith, 448; Everson v. Carpenter, 17 Wend. 419; 1 Rice, Ev. p. 622; Doherty v. Lord, 8 Misc. Rep. 227, 28 N. Y. Supp. 720; Sloan v. Railroad Co., 45 N. Y. 125. The questions allowable for such purpose on cross-examination are not to be confined to such as relate to the immediate matters testified to by the witness upon the direct examination. Kinner v. Canal Co., 52 N. Y. Super. Ct. Rep. 163. It is requisite only that the testimony to be elicited has a direct bearing upon the testimony given upon the direct examination, and is material to the issue involved in the trial. Sitterly v. Gregg, 90 N. Y. 686; Abb. Ev. 717.

In support of the ruling below, respondent's counsel contends that the witness Mrs. Hertz had not been interrogated concerning her alleged contradictory statement with sufficient certainty and precision, and that, therefore, the basis of the introduction of the testimony offered and excluded was wanting. The practice in such cases is, in a measure, within the control and discretion of the trial court (Sloan v. Railroad Co., supra); but in view of Mrs. Hertz's denial of having met Mrs. Seligman in Newark at any time within a period covering the date of the alleged conversation, and her further denial of having had any such conversation, we cannot see that further inquiry on the part of the defendant's counsel could have materially quickened the witness' appreciation of the matter concerning which it was proposed to contradict her. The inquiry sufficiently identified the time and place when and where and the person with whom the alleged conversation was had. Pendleton v. Dressing Co., 19 N. Y. 13.

Were we to confine our consideration to the points argued by counsel, a reversal of the judgment upon this exception would result, but support for the ruling is to be found in the nature of the question whereby the evidence excluded was sought to be elicited. This question called for the whole conversation had with the principal by the contradicting witness, and, as framed, could well have elicited testimony obviously inadmissible as hearsay.

As was said by Church, C. J., in Sloan v. Railroad Co., supra, with regard to such testimony:

"The usual and most accurate mode of examining the contradicting witness is to ask the precise question put to the principal witness. Otherwise hearsay evidence, not strictly contradictory, might be introduced, to the injury of the parties and in violation of legal rules."

And it was consistently held in Pence v. Waugh (Ind. Sup.) 34 N. E. 860, that the question addressed to the impeaching witness should be so shaped as to admit of "Yes" or "No" for an answer. See Underh. Ev. 509.

The grounds stated by the objecting party, and reiterated after the statements made by defendant's counsel, touching the purpose of the examination, clearly presented the point, and thus the exclusion is to be given support upon the ground specified. Tooley v. Bacon, 70 N. Y. 34. That counsel further specified a ground which was not tenable is no justification for a reversal of the judgment. The main objection was reiterated, and there was no such element of a misleading of his adversary by the objecting party in this case as there was in Briggs v. Wheeler, supra, where, upon such a ground, the exception was sustained. Here the defendant's counsel appeared merely to have mistaken the force of an availing objection. The judgment must therefore be affirmed, with costs. All concur.