### FOGGETT v. FISCHER.

(Supreme Court, Appellate Division, Second Department.   December 31, 1897.)

EVIDENCE—MEDICAL WORKS.
   Books of inductive, as distinguished from exact, science, within which class are included standard medical works, are not admissible at the trial of an action, as affirmative evidence.

Appeal from trial term, Kings county.

Action by Charles V. Foggett against Henry C. Fischer.   From a judgment on the verdict, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

Perry D. Trafford, for appellant.

James C. Cropsey (Charles J. Patterson, on the brief), for respondent.

BRADLEY, J.   Action to recover damages for personal injuries alleged to have been occasioned by the fault of the defendant.   The defendant owned and occupied iron foundry premises situated on the south side of Green street, in the city of Brooklyn.   Along those premises, on both sides of the sidewalk on that side of the street, were castings of the defendant, leaving a space in the center of the walk for footmen to pass along upon it.   This had been the condition for years there, and, so far as appears, there was no occasion to complain of this, since Green street, in that locality, was not extensively traveled.   The evidence tends to prove that on the evening of the 9th of April, 1894, the plaintiff, engaged in his business of delivering oil on that street, was moving somewhat rapidly on that sidewalk when his knee came in contact with a casting which extended into the passageway of the walk, and that he was thrown down, and received the injuries complained of.   The conclusion was warranted by the evidence that the casting was where it was located by the act of the defendant himself, or his servants.

For the purpose of proving the extent and effect of the plaintiff's injury, a medical witness on his part, having given his view of the nature of the injury to the plaintiff, testified that, in his opinion, it was a progressive injury.   Then he proceeded to state that he knew Prof. Gross' work, and that it was recognized as authority.   Thereupon, in answer to questions put to him, the witness having stated that Prof. Gross' work contained a statement as to the probable effect of injuries to nerves, he pointed out the statement referred to.

The plaintiff's counsel was then permitted to read in evidence from the book of such professor the following: "Severe effects often follow contusion of the nerves, the parts to which they are distributed becoming numb, cold, withered, more or less painful, and ultimately almost entirely useless"; and the further clause from the same book that "effects of this kind sometimes succeed an accident of apparently the most trifling character." The defendant's counsel objected to all this evidence when offered, and excepted to the rulings for its reception. The question of damages was necessarily an important one, and it cannot be seen that the defendant may not have been prejudiced by the reception as evidence of those paragraphs from the book of Prof. Gross. Our attention is called to no rule of evidence which could permit the introduction of that evidence. The weight of authority on that subject is to the effect that books of inductive science, within which are standard medical works, are not admissible as affirmative evidence (Whart. Ev. § 666; Com. v. Wilson, 1 Gray, 337; Washburn v. Cuddihy, 8 Gray, 430; People v. Millard, 53 Mich. 63, 18 N. W. 562; Epps v. State, 102 Ind. 539, 1 N. E. 491; Harris v. Railroad Co., 3 Bosw. 7; In re Mason, 60 Hun, 46, 14 N. Y. Supp. 434); otherwise as to those which by the courts are deemed works of exact science. The Northampton Tables fall within this class. In the view taken of it, the reception of such evidence was error. The case is a simple one in its nature, and it is unnecessary, for the purposes of another trial, to determine whether or not there were any further errors in the rulings of the court, and therefore we have given them no consideration.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.