(81 App. Div. 308.)

PAHL v. TROY CITY RY. CO.

(Supreme Court, Appellate Division, Third Department.   March 11, 1903.)

1. EVIDENCE—MEDICAL WORKS—ADMISSIBILITY.
    In an action for personal injuries it was error to allow counsel to read
    from a medical book a statement as to the symptoms of a certain dis-
    ease, and ask plaintiff's physician if he subscribed thereto.

Appeal from Trial Term.

Action by Joseph H. Pahl against the Troy City Railway Com-
pany.   From a judgment for plaintiff and an order denying a motion
for a new trial, defendant appeals.   Reversed.

Argued before PARKER, P. J., and CHASE, CHESTER, and
LYON, JJ.

William J. Roche, for appellant.
Thomas F. Powers, for respondent.

LYON, J.   Upon the trial of this action, which was brought to
recover damages on account of alleged grievous spinal injuries claim-
ed to have been received by the plaintiff by reason of the negligence
of the defendant as a common carrier, the plaintiff called as a witness
one of his attending physicians, of whom he asked the following ques-
tions, and to which the following objections and exceptions were
taken and answers were given:

"Q. Do you know Dr. Charles L. Dana as a medical writer?  A. Yes, sir.
Q. Are his writings accepted by the profession as authoritative on certain
questions?  A. I think they are on the question of nervous diseases and ail-
ments.  Q. I read from an article by Dr. Charles L. Dana on the subject of
traumatic neuroses, which is published in 'A System of Legal Medicine'—
in a book entitled 'A System of Legal Medicine'—by 'Allan McLane Hamil-
ton and Others,' second volume, commencing at page 307.  Deft's Atty.:  I
object to his reading it, as immaterial and incompetent.  Plff's Atty.:  I
propose to read it to the witness.  That is the proper way.  (Objection over-
ruled.  Defendant excepts.)  Q. Doctor, what do you say to this:  'The
nervous symptoms which follow shock and injury, and which take the
neurasthenic type, are not always alike, though they bear a general resem-
blance to each other.  The most common series of phenomena is that which
may be grouped under the head of a simple traumatic neurasthenia.  The
history of a patient is something like the following:  After receiving an in-
jury, which is often but slight, but which is usually accompanied with a
great deal of fright and emotional disturbance, the patient goes to his home
feeling perhaps a little nervous and shaken, but not suffering to any great
extent.  He goes to bed and sleeps;  wakes up the next morning, feeling
not quite as well as usual, but congratulating himself, perhaps, on having
gotten off so easily.  He resumes his work, and finds that he can do it,
though with not quite so much ease as usual, and he very likely suffers
from some pain due to a strain or bruise that he has received.  In a few
days—almost always within a week—he begins to notice that he is more
nervous than usual, that little things irritate him which did not do so before,
that his head seems somewhat confused, and that the effort to work is
wearying.  His sleep is disturbed, and he wakes up in the morning unre-
freshed by his night's repose.  He becomes somewhat despondent over his
condition, and thoughts of paralysis or some other serious ailment annoy
him.  His head aches, the pain being more or less constant and diffused,
and located usually over the forehead, or at the back of the neck.  He has

¶ 1. See Evidence, vol. 20, Cent. Dig. § 2377.

unpleasant sensations in the head, such as that of constriction, or pressure, or scalded feelings. His back also is continually painful, and walking increases it. His nervousness becomes more marked, and close examination shows a little fine tremor in the hands. He has also sometimes creeping sensations over the body, or numb feelings in the extremities. He tires very easily. He is emotional, and becomes more despondent as the days go on. Sometimes he has spots before his eyes, noises in his head, or ringing in the ears. Reading is laborious, and increases his headache; so also does attention to work. His appetite becomes capricious, and his bowels are constipated. He suffers somewhat from flatulency and dyspepsia. His heart palpitates easily, and the pulse is a little accelerated. Sometimes for a few days there is a little weakness about the bladder, or irritability. These symtoms may be several weeks in developing.' Doctor, what do you say to that? Do you subscribe to that? Deft's Atty: I object to the reading again. And I also object to the question that each and both of them are incompetent and improper; that it is not admissible evidence. Q. I ask you, doctor, whether the statement of the description of traumatic neuroses, as stated there, agrees with your experience, and do you subscribe to it? (Objected to on the same grounds as before. Overruled. Defendant excepts.) A. That is a very fair pen-picture of this case. Deft's Atty.: I object to the answer, and move to strike it out on the ground it is incompetent and improper; that it is not a comparison which the witness can be allowed to make. It is not a matter of legal evidence. (Objection overruled. Motion denied. Defendant excepts.)"

The plaintiff was thus enabled to bring to the knowledge of the jury the statement, not under oath, of Dr. Charles L. Dana, whose writings on the subject of nervous diseases the witness testified were considered authoritative by the medical profession, and without the defendant having an opportunity to cross-examine Dr. Dana as to the facts and symptoms upon which he based his opinion, and as to whether, perchance, his views had undergone a change since the time the article was written. The fact that the article read was part of a medical book doubtless gave the statement therein contained much more weight with the jury than it would have received simply as part of the oral testimony of the local physician. Just what effect this article so read had upon the minds of the jurors it is impossible to say, but it certainly cannot be said, as a matter of law, that the effect was harmless to defendant. The evidence was clearly inadmissible. Matter of Mason, 60 Hun, 46, 14 N. Y. Supp. 434; City of Bloomington v. Shrock, 110 Ill. 219, 51 Am. Rep. 679; State v. Coleman, 20 S. C. 441; Foggett v. Fischer, 23 App. Div. 207, 48 N. Y. Supp. 741.

The error in admitting this evidence renders unnecessary the examination of the other questions presented upon the appeal.

The judgment and the order denying the motion to set aside the verdict and for a new trial must be reversed, and a new trial granted, with costs to abide the event. All concur.