(125 App. Div. 695.)

### TOLKON v. OTTO E. REIMER CO.

(Supreme Court, Appellate Division, Second Department.   April 24, 1908.)

1. MUNICIPAL CORPORATIONS—USE OF STREETS—ENCROACHMENTS.

The use of a street for the purpose of vending wares is an unlawful encroachment, under City Charter, Laws 1901, p. 28, c. 466, § 50, providing that "the board of aldermen shall not have power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof during the erection or repairing of a building on a lot opposite the same."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1432, 1494.]

2. SAME—OBSTRUCTIONS—ACTION FOR DAMAGES.

One unlawfully obstructing a street cannot recover for injuries received by being struck by a passing truck, where it did not appear that the driver willfully or wantonly ran into him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1515–1517.]

3. SAME—INJURIES FROM OBSTRUCTION OF USE—CARE TO AVOID.

One lawfully using a street in pursuing his occupation must exercise some care to avoid being hit by passing vehicles.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1515–1517.]

Gaynor, and Hooker, JJ., dissenting.

Appeal from Trial Term.

Action by Louis Tolkon against the Otto E. Reimer Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Jacob W. Kahn, for appellant.
William L. Kiefer, for respondent.

MILLER, J. The plaintiff was obstructing the street for the purpose of vending his wares. It cannot be doubted that that was an unlawful encroachment upon the street, for it was not in any sense a legitimate street use. Section 50 of the city charter (Laws 1901, p. 28, c. 466) provides, among other things, that:

"The board of alderman shall not have power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof during the erection or repairing of a building on a lot opposite the same."

See, also, Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506.

Although unlawfully obstructing the street, the plaintiff admits that he did not exercise the slightest care to avoid being hit by passing vehicles. His push cart was in the roadway, and he was standing on the side toward the center of the street, facing the sidewalk, showing his wares to a customer, but taking no heed whatever of the traffic in the street. His unlawful occupation of the street contributed to his accident, unless the defendant's driver willfully or wantonly ran into him. Banks v. Highland Street Railway Co., 136 Mass. 485. The plaintiff's evidence discloses that, as the defendant's truck was passing the plaintiff, the hub of the rear wheel struck the handle of the push cart. The mere fact that there were no other obstructions in the street does not prove that the act of the driver was either willful or wantonly reckless. He was properly on that side of the street, away from the street car tracks, and, even if the plaintiff had been lawfully in the street, he would have had to exercise some care to avoid being hit by passing vehicles. Lyons v. Avis, 5 App. Div. 193, 38 N. Y. Supp. 1104.

The complaint was properly dismissed, and the judgment should be affirmed.

Judgment affirmed with costs. All concur, except GAYNOR and HOOKER, JJ., who dissent.

GAYNOR, J. (dissenting). This action is brought to recover damages caused by the defendant's wagon being run into the plaintiff in the street. The plaintiff is a push cart peddler. He was standing at his push cart, which was by the curb in the roadway, showing his wares to a customer when the defendant's horse and wagon, unobserved by the plaintiff, was driven into the push cart by the driver, turning it over and injuring the plaintiff. The learned trial judge dismissed the case at the close of the plaintiff's evidence.

The mere fact that the plaintiff was there selling merchandise out of his push cart, although it be granted that he was there unlawfully, is not enough in itself, as matter of law, to make out a case of contributory negligence against him. The two things are not synonymous. Nor is negligence in a plaintiff always synonymous with contributory negligence. The plaintiff may be negligent, and yet if his negligence do not contribute to the occurrence, it is not taken into account but passes for naught. A familiar example is the case of one driving in a street car track and a car coming up and hitting him behind. He may be negligent in being there, and yet such negligence may not contribute to the collision. The collision may be willful and intentional on the part of the defendant, and in that case such conduct of the defendant is the sole cause of the collision. It is like a battery. The negligence of the plaintiff does not enter into it at all. In the present case the evidence suffices to have enabled the jury to find that the plaintiff's unlawful occupation of the street did not contribute to the collision. It cannot be gainsaid that although unlawfully there, the defendant did not have the right to run into him, but owed him the duty of due care, and if disregard of that duty, or lack of such due care, was the sole cause of the collision, the defendant is liable. There was no car, wagon or other obstruction in the street at the time, and no reason why the defendant's wagon should have come near the plaintiff.

The judgment should be reversed.

HOOKER, J., concurs.