COLLENDER v. REARDON.

(Supreme Court, Appellate Term. February 24, 1910.)

1. APPEAL AND ERROR (§ 604*)—RECORDS—CONTENTS—EXHIBITS—NECESSITY OF PRINTING.

Under General Rules of Court, No. 43, and Appellate Term rule 5, requiring all testimony considered by the court to be incorporated in the printed case, a stipulation that exhibits not printed or abstracted could be used on appeal by either party in argument as if printed cannot be allowed, so as to avoid the requirements of the rules, and hence such exhibits will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 604.*]

2. APPEAL AND ERROR (§ 832*)—HEARING—POSTPONEMENT—RESETTLEMENT OF CASE.

Where certain exhibits were not printed or abstracted in the record as required by the court rules, the appeal may be directed to stand for rehearing until the case is properly resettled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3219–3222; Dec. Dig. § 832.*]

3. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—NEGLIGENT DRIVING—PERSONS LIABLE.

Where the wagon which ran over and injured plaintiff in the street was used in a business carried on in the name of defendant's deceased father, in which defendant and others had an interest, he was a proper party defendant.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

4. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—UNLAWFUL OBSTRUCTION.

In view of New York City Charter (Laws 1901, c. 466) § 50, prohibiting the board of aldermen from authorizing any encroachment or obstruction upon any street, except the temporary occupation thereof during the erection of a building, a pushcart peddler, who was injured by a passing wagon while standing in the street against the curb with his cart for 10 or 12 minutes for the purpose of selling or packing his wares, was guilty of contributory negligence as a matter of law, so as to bar a recovery for such injuries.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

5. EVIDENCE (§ 32*)—JUDICIAL NOTICE—EXISTENCE OF ORDINANCE.

The existence of an ordinance authorizing licenses to street peddlers cannot be judicially noticed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 42; Dec. Dig. § 32.*]

6. WITNESSES (§ 391*) — EXAMINATION — IMPEACHING QUESTIONS — GENERAL QUESTIONS.

In a personal injury action, plaintiff's witness stated that he had made certain statements regarding the accident to defendant's investigator, but could not remember all the details, whereupon defendant's investigator was put on the stand and asked to tell the jury just what such witness told him. Held, that the question should have been excluded as an improper impeaching question, because it did not call for the specific statements of plaintiff's witness; the rule excluding such questions being strictly enforced in jury trials, because they are likely to elicit incompetent evidence.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1248; Dec. Dig. § 391.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. **APPEAL AND ERROR (§ 1048\*)—HARMLESS ERROR—PREJUDICIAL EFFECT.**

> In a personal injury action, after a police officer, who testified for plaintiff, had said that he made certain statements regarding the accident to defendant's investigator, but could not remember all the details, defendant put on his investigator and asked him to tell the jury just what the officer told him, the objection to which question was overruled, and the investigator in his answer stated many details as to which the officer had not been questioned, and testified in conclusion that the officer stated that he called an ambulance and the doctor refused to take plaintiff to the hospital because he had a scratch on his nose, and that he would testify for defendant when needed, and considered plaintiff's claim a holdup. No motion was made to strike any part of the investigator's answer. The jury asked, while deliberating, to have the officer's testimony read to them. *Held*, that the jury, by not asking to have the investigator's testimony also read over to them, indicated that they did not consider it important, and, under the rule that error only substantial is reversible, error in permitting the general question to the investigator by way of impeachment of the officer was not reversible.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1048.\*]

Appeal from City Court of New York, Trial Term.

Action by Solomon Collender against James Reardon. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Abraham Oberstein (Max S. Bevins, of counsel), for appellant.
Frank V. Johnson (Harry S. Austin, of counsel), for respondent.

WHITNEY, J. Plaintiff was a pushcart peddler. According to his testimony he was standing between the handles of his pushcart in the roadway in Bayard street, as close to the curb as he could get, fixing up his goods for the night, when he was run into and injured by a wagon claimed to belong to defendant.

The exhibits introduced upon the trial are not printed or abstracted in the record, but are filed separately, with a stipulation, signed by the attorneys, that they "may be introduced and used by either party in the argument of any appeal herein with the same force and effect as if so printed." Such a stipulation cannot be entertained. It is a violation of the rules of the court, which require that all the testimony which the court is to consider, whether oral or written, should be incorporated in the printed case. General Rule 43; Appellate Term Rule 5. The importance of such a rule is obvious, when a case is to be decided by a tribunal of more than one judge. When exhibits are expensive to print, the proper remedy of the parties is to agree upon an abstract, or to insert a statement as to their effect, so far as they bear upon the issues. The contents of a long account or set of exhibits may frequently be condensed into a single sentence. The exhibits in the present case are, therefore, not considered by the court, and it would be proper to direct that the appeal stand over for rehearing until the case be properly resettled.

Enough appears in the record, however, to show that these exhibits have no bearing upon the questions decisive of this appeal. Nearly all relate to defendant's claim that no one but his mother was the

---

owner of the wagon which ran into the plaintiff; that he was merely a business manager, and therefore not properly a party defendant. It sufficiently appears from his own testimony and from that of his mother that the wagon was used for a business carried on in the name of his deceased father, in which both of them, as well as others, had an interest. He was, therefore, a proper party defendant. If he had so desired, he could have set up in his answer the precise facts, and thus forced the plaintiff to join the others as codefendants.

. The principal exception is to the charge to the jury, in which, citing the recent case of Tolkon v. Reimer & Co., 125 App. Div. 695, 110 N. Y. Supp. 129, the trial judge proceeded as follows:

"This was a case where a collision took place between a wagon and a pushcart vender. He was in the street vending his wares, and the court in part held as follows: 'The plaintiff was obstructing the street for the purpose of vending his wares. It cannot be doubted that this was an unlawful encroachment upon the street, for it was not in any sense a legitimate street use. Section 50 of the city charter (Laws of 1901, c. 466) provides, among other things, that "the board of aldermen shall not have power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof during the erection of a building on a lot opposite the same." His unlawful occupation of the street contributed to his accident, unless the defendant's driver willfully or wantonly ran into him. Under that decision, I charge you as a matter of law that if this plaintiff was standing, as he testified, for 10 or 12 minutes with his pushcart up against the curb, either for the purpose of selling goods or for the purpose of closing for the night, when this accident took place, he contributes as a matter of law to the accident, unless the defendant's driver ran willfully and wantonly into him. That is the law.'"

The jury, after retiring, sent back twice to have the charge read over to them by the stenographer. The charge also states that the plaintiff must be found not guilty of contributory negligence before he could have a verdict; and it is evident that the jury, therefore, regarded themselves as obliged to find for the defendant unless they should find that the driver acted willfully and wantonly as well as negligently. The Tolkon Case is based upon Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506, where it was held that the provision of the old New York City consolidation act, which has been carried into the present charter in the language quoted above, made it illegal to grant a license to a grocer to keep his grocery wagon standing day or night in front of his store when not in use, although it conceded that such a right could be granted to a public cartman. Whether the rule in the Cohen Case should be extended so as to make a peddler's pushcart, which remained but a short time in any one spot, so far a nuisance that the pusher cannot recover damages for injuries not willfully or wantonly inflicted, is a question which we should have answered unhesitatingly in the negative, but for the Tolkon decision. In that case the plaintiff admits that he did not exercise the slightest care to avoid injury, and he was standing at the side of his pushcart, towards the center of the street, taking no heed whatever of the traffic in the street. The remark of the court may be regarded as to a certain extent obiter, and two of the five members of the court dissented. Still we think that we should follow the opinion expressed by the Appellate Division of the Second Depart-

ment, especially as such a disposition will enable the question to be more promptly submitted to the Appellate Division of this Department.

In answer to a question by a juror the plaintiff had testified that "he had a peddler's license at that time." The license was not produced. No objection was taken to the question, no allusion was made to it in the charge, nor was there any request made to modify the charge by reason of this alleged license. Plaintiff's testimony in this respect was not connected, because there was no testimony showing the existence of any ordinance under which a license could have been granted. The ordinance could not be judicially noticed. Schnaier v. Grigsby, 132 App. Div. 854, 856, 117 N. Y. Supp. 455.

A serious question is raised by plaintiff's exception to a question asked by defendant's counsel of one of his own employés, a man employed by him to "investigate accident cases" and "get evidence for the defendant." One of the witnesses produced by the plaintiff had been the policeman upon the beat, who had seen the accident. On cross-examination the officer was asked whether he had made a certain statement six days after the accident to the investigator, and replied that he had made part of it, but could not "remember all those details that are in there." The investigator was put on the stand for the defense on the following day, asked whether he had talked about the case to the officer, and then asked: "Please tell the gentlemen of the jury just what he told you." This was objected to "on the ground that it does not call for the specific question asked of the officer, and not proper method of an impeaching statement"; that "the very question and the answer thereto must be put to the witness"; that "he has got to ask, specifically, did he say this, that, or the other thing?" This objection, which was overruled, should have been sustained. McCoy v. Munro, 76 App. Div. 435, 437, 78 N. Y. Supp. 849; Hertz v. Minzescheimer, 12 Misc. Rep. 58, 33 N. Y. Supp. 48. See McEvoy v. Lommel, 78 App. Div. 324, 327, 80 N. Y. Supp. 71. The rule is to a certain extent subject to the discretion of the court, and in cases tried without a jury questions less leading in form may elicit a more reliable answer; but the reason for the especially strict observance of the rule in jury trials seems to be that such a form of question as the one allowed by the trial judge in the present case is likely to bring out totally incompetent and very damaging testimony, whose effect on the minds of the jury, when once admitted, cannot be obviated. The danger of permitting this form of question is well illustrated by the present case. The police officer was evidently the one of the plaintiff's witnesses whom the jury considered the most important, as, after commencing their deliberations, they asked that the stenographer read to them his testimony. Defendant's investigator, in his answer to the question, introduced a great deal of detail as to which the officer had not been interrogated, and ended his answer by representing the officer as having stated—

"that he called an ambulance from Gouverneur Hospital, and the doctor, on making an examination, refused to take this man to the hospital, as he had a scratch on his nose; and the man insisted on being taken to the hospital, then the doctor told him to go in the ambulance. He told me that, if Mr. Reardon needed him to testify at any time, he would come here willingly as a witness and testify, just as he told me, that he considered this a holdup."

The plaintiff, however, made no motion to strike out any part of the investigator's answer to the question. He made no request that the court should charge the jury not to consider it. When the jury asked to have the testimony read off, they did not ask to hear also the testimony of the investigator as to what the police officer had said to him. Under the rule as lately formulated by the Court of Appeals, there should be no reversal for an error, "unless it is so substantial as to raise a presumption of prejudice." Post v. Brooklyn Heights R. R. Co., 195 N. Y. 62, 87 N. E. 771. We regard this as overruling previous opinions in which a different rule was stated. Foote v. Beecher, 78 N. Y. 155, 158; Gearty v. Mayor, 183 N. Y. 233, 76 N. E. 12. It is impossible upon a printed record to reproduce the atmosphere of a trial; but the jury's failure to ask to have the investigator's testimony read over in connection with the testimony of the police officer would seem to indicate that they did not consider the former as of any importance.

The judgment should therefore be affirmed, with costs, with leave to appeal to the Appellate Division. All concur.