THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES PALVINO, Alias JOHN BROWN, Appellant.

Fourth Department, March 25, 1926.

Crimes — rape, first degree, and abduction — crime is charged to have been committed on escaped inmate of State institution for epileptics and feeble minded — abduction not proven — evidence shows that complaining witness had mentality of child about seven years old and was incapable of giving consent — defendant properly convicted of rape under Penal Law, § 2010 — error in permitting district attorney to read from medical treatise not prejudicial and is disregarded under Code of Criminal Procedure, § 542.

On a prosecution for the crimes of rape in the first degree and abduction, both crimes arising out of the same transaction, charged to have been committed on the person of a woman who had escaped from a State institution for epileptics and feeble minded, the evidence was insufficient in certain technical respects to sustain the verdict of conviction for abduction.

Although the question of idiocy was excluded from the consideration of the jury, the evidence was sufficient to show that the complaining witness had the

mentality of a child of about seven years of age and that, therefore, she was incapable of giving consent to the act, and hence the defendant was properly convicted under section 2010 of the Penal Law of rape in the first degree, on the ground that the act was committed with a female who through unsoundness of mind was incapable of giving consent.

The error committed by permitting the district attorney to read to the jury from a scientific work on feeble mindedness and to ask a medical witness on his direct examination if he agreed with the statements read was not prejudicial to the defendant and will be disregarded under section 542 of the Code of Criminal Procedure, since the defendant called no witnesses to dispute the mental capacity of the complainant but defended on the sole ground that he did not commit the act.

APPEAL by the defendant, James Palvino, from a judgment of the County Court of the county of Monroe, rendered on the 9th day of December, 1925, convicting him of the crimes of rape in the first degree and abduction, and also from an order entered in the office of the clerk of said county on the 8th day of January, 1926, denying defendant's motion for a new trial made upon the minutes.

*Charles E. Bostwick,* for the appellant.

*William F. Love, District Attorney [William Clay, Assistant District Attorney,* of counsel], for the respondent.

DAVIS, J. The defendant has been found guilty as charged in the indictment of the crimes of rape in the first degree and abduction. Upon conviction, it appearing that he had once before been convicted of a felony, he was sentenced to be imprisoned in the State Prison at Auburn for the term of five years on each separate conviction.

The crimes as charged in the indictment arose in the same transaction. It now appears that the proof on the charge of abduction was in certain technical respects insufficient to sustain the verdict of conviction for that crime; and the assistant district attorney concedes that the essential evidence cannot be obtained.

The female upon whom the rape was committed was an epileptic about twenty years of age who had been committed to Craig Colony, a State institution for epileptics and feeble minded at Sonyea. The indictment charged the perpetration of an act of sexual intercourse with this female, who through idiocy, imbecility and unsoundness of mind was incapable of giving consent. (Penal Law, § 2010.) At the time the crime was committed she had escaped with others from the institution. The evidence, which the jury apparently found to be true, indicated that defendant was a highly depraved person.

The question of idiocy was excluded from the consideration of the jury, and it was left for them to determine as a question of fact whether by reason of mental weakness, deficiency or unsoundness of mind the female was capable of giving consent.

Consent to such an act requires the exercise of intelligence, based upon knowledge of its significance and moral quality. There must be a choice between resistance and assent. The evidence was strong not only that the female was a mental defective as defined by section 2 of the Mental Deficiency Law, but was mentally of the age of but seven years and two months, as determined by tests recognized by scientists and applied in this State by officials to whom is given charge of such unfortunates. It sufficiently appears, so that the jury were justified in so finding, that this female had no sound mentality, and was not able to appreciate the nature of the act, or to give that consent which the law requires to relieve the perpetrator of the charge of crime.

There were certain errors in the admission of evidence, the most glaring of which was the reading by the assistant district attorney from a scientific work on "Feeble Mindedness" and asking a medical witness on his direct examination if he agreed with the statements read. (See *Pahl* v. *Troy City Railway Co.*, 81 App. Div. 308; *Foggett* v. *Fischer*, 23 id. 207.)

The defendant called no witnesses to dispute the mental capacity of the complainant but defended on the ground that he was guiltless of the act. Under the circumstances the errors were harmless and had no effect on defendant's substantial rights. (Code Crim. Proc. § 542.)

The judgment of conviction for rape and the order denying a new trial should be affirmed. That part of the judgment convicting the defendant of abduction should be reversed and the charge dismissed.

HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ., concur.

Judgment of conviction for rape and order denying defendant's motion for a new trial affirmed. That part of the judgment convicting the defendant of abduction is reversed and the charge dismissed.